UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUETS

| | |
|---|---|
| JOBS FIRST INDEPENDANT EXPENDITURE POLITICAL ACTION COMMITTEE and MELISSA LUCAS,<br>     Plaintiffs,<br><br>v.<br><br>MARTHA COAKLEY, Attorney General for the Commonwealth Of Massachusetts and BRIAN MANNAL,<br>     Defendants. | CIVIL ACTION NO.: |

**COMPLAINT FOR DECLARATORY JUDGMENT
AND INJUNCTIVE RELIEF**

NOW COME the Plaintiffs, Jobs First Independent Expenditure Political Action Committee, (hereinafter "Jobs First") and Melissa Lucas, ("Lucas"), and for their Complaint allege as follows:

**JURISDICTION**

1. This Court has jurisdiction over this case under 28 U.S.C. §§ 1331 and 1343(a)(4), in that it seeks to secure equitable relief under Acts of Congress, (specifically 42 U.S.C. § 1983 and 42 U.S.C. § 2000cc), under 28 U.S.C. § 2201(a) to secure declaratory relief, under 28 U.S.C. § 2202 to secure preliminary injunctive relief, and under 42 U.S.C. § 1988 to grant Plaintiff's prayer for relief regarding costs, including reasonable attorneys fees.

This action is brought pursuant to 42 U.S.C. § 1983 and the Fourteenth and Eighth Amendments to the United States Constitution. The Plaintiff further invokes the pendant jurisdiction of this Court to hear and decide claims arising under state law.

## PARTIES

2. The Plaintiff, Jobs First, is a Massachusetts based Political Action Committee that has and is challenging specific incumbent Massachusetts state politicians.

3. The Plaintiff, Melissa Lucas, ("Lucas"), is a Massachusetts resident presently residing in Melrose, Middlesex County, Massachusetts, and is the Treasurer of Jobs First.

4. The Defendant, Martha Coakley, is the Attorney General for the Commonwealth of Massachusetts and, in that capacity, is the chief law enforcement officer for the Commonwealth of Massachusetts. She is charged with overseeing prosecutions for violations of M.G.L. c. 56 § 42. She is sued in her official capacity only.

5. The Defendant, Brian Mannal, is the incumbent state representative for Barnstable, and was recently re-elected to another term, and is a Massachusetts resident.

## FACTUAL ALLEGATIONS

6. In 1946, the Massachusetts legislature enacted M.G.L. c. 56 § 42 which states that:

> No person shall make or publish, or cause to be made or published, any false statement in relation to any candidate for nomination or election to public office, which is designed or tends to aid or to injure or defeat such candidate.
>
> No person shall publish or cause to be published in any letter, circular, advertisement, poster or in any other writing any false statement in relation to any question submitted to the voters, which statement is designed to affect the vote on said question.
>
> Whoever knowingly violates any provision of this section shall be punished by a fine of not more than one thousand dollars or by imprisonment for not more than six months.

7. In 1964, the Supreme Court decided *N.Y. Times v. Sullivan*, 376 U.S. 254, 280 (1964), which requires public figures who bring libel actions against defendants to prove "actual malice" on the part of the defendant in disseminating libelous or defamatory material.

8. In the Fall of 2014, and prior to the recent election in November, 2014, Jobs First published and created various brochures and press releases challenging Mannal's record as a state legislator.

9. These publications criticized Mannal's voting record as it related to convicted sex offenders and their continued monitoring.[1]

10. Jobs First asked voters to consider the fact that Mannal was supporting sex offenders through this legislation rather than families.

11. Jobs First also educated voters on the fact that Mannal supported legislation which provided funding for sex offenders who sought court appointed counsel when applying for reduced monitoring requirements.

12. Mannal was and is a criminal defense attorney who receives appointments to represent clients in Massachusetts trial courts.

13. On or about October, 2014, Jobs first distributed brochures to residences in the Barnstable Second District which asked voters to connect the dots between Mannal's support for legislation that enabled sex offenders to petition the court for reduced monitoring requirements, the appointment of criminal defense attorneys to assist them in this endeavor using public funds and the fact that Mannal is a criminal defense attorney who receives public funds to represents individuals charged with crimes.

14. On October 21, 2014, Mannal filed an application for a criminal complaint with the Barnstable District Court alleging that Lucas was responsible for making two false statements about him during an election campaign in violation of M.G.L. c. 56 § 42 and then released the facts of his application to the media.

---

[1] Lucas had nothing to do with the creation of these materials.

15. On October 27, 2014, the Plaintiffs filed a Motion to Dismiss the application in Barnstable District Court based upon the facially unconstitutional language of the statute.

16. On October 30, 2014, the Barnstable District Court transferred the application to Falmouth District Court.

17. On October 30, 2014, the Falmouth District Court issued a notice of hearing on the application for November 20, 2014, which was later moved to December 18, 2014, at the request of Lucas.

18. On November 4, 2014, Mannal was re-elected.

## SUMMARY OF THE CASE

19. This is a civil action for declaratory judgment and injunctive relief arising under the First and Fourteenth Amendments to the Constitution of the United States. It challenges the constitutionality of M.G.L. c. 56, § 42, as it relates to the criminalization of "false" statements during political campaigns.

20. The First Amendment to the United States Constitution guarantees to all Americans the right to speak freely and state their opinion on all matters and issues, including controversial topics. Furthermore, the speech involved in this case is core political speech for which the First Amendment's protection is at its zenith.

21. Section 42 is unconstitutional because it regulates speech based upon its content and such regulation by the Commonwealth of Massachusetts fails to satisfy strict scrutiny.

22. Section 42 is unconstitutional because it is impermissibly vague and overly broad in its regulation of speech.

23. Section 42 is unconstitutional because it lacks any requirement that actual malice be proven.

24. Furthermore, the adjudicatory processes and procedures of the Trial Court denies those accused of a violation of Section 42 from appearing before the Clerk Magistrate prior to the issuance of a summons in violation of the basic procedural and substantive due process right guaranteed by the Fourteenth Amendment, including, without limitation, providing adequate notice and an opportunity to be heard at probable cause hearings.

25. Section 42 provides *prima facie* evidence of fraud also denies basic procedural and substantive due process right guaranteed by the Fourteenth Amendment.

26. Those who violate any provisions of M.G.L. c. 56, § 42 election laws may be subject to fines or criminal penalties or both.

## VENUE & STANDING

27. Venue of this action is proper within this judicial district and division pursuant to 28 U.S.C. § 1391(b) because the facts giving rise to this action occurred therein.

28. The Plaintiffs have standing to bring this action under Article III, Section 2 of the United States Constitution because they are subject to an imminent threat involving an actual arrest, prosecution, or other enforcement action. See *Steffel v. Thompson,* 415 U.S. 452, 459 (1974).

## COUNT I

## M.G.L. c. 56 § 42 is Facially Unconstitutional

## 42 U.S.C. § 1983

29. Plaintiffs restate and incorporate by reference all of the allegations contained in all of the preceding paragraphs.

30. Section 42 is unconstitutional because it lacks an "actual malice" requirement. *New York Times v. Sullivan*, 376 U.S. 254, 280 (1964).

31. Section 42 is unconstitutionally vague and overly broad in the speech which it seeks to regulate. Additionally, Section 42 unconstitutionally relies on the intent of the speaker and implications of speech to ascertain its scope. *Briggs v. Ohio Election Commission,* 61 F.3d 487 (6th Cir. 1955).

32. Section 42 burdens substantially more speech than necessary to achieve a substantial and legitimate government interest.

33. Section 42 does not serve a significant government interest.

34. Section 42, on its face and as applied, is an unconstitutional abridgment of the Plaintiffs' affirmative rights to free speech secured by the First and Fourteenth Amendments to the United States Constitution.

35. The existence and enforcement of Section 42 chills and deprives Plaintiffs of their rights to free speech. Plaintiffs are suffering irreparable harm to their First Amendment rights.

## COUNT II

### M.G.L. c. 56 § 42 is Unconstitutional

### 42 U.S.C. § 1983

### (Free Speech - Viewpoint Discrimination)

36. The Plaintiffs restate and incorporate by reference all of the allegations contained in all of the preceding paragraphs.

37. Section 42 as applied to citizens and organizations taking positions on political issues unconstitutionally penalizes protected opinion. *Milkovich v. Lorain Journal Co.*, 497 U.S. 1, 20 (1990).

38. Section 42 is a content based restriction on speech.

39. Section 42 does not serve a significant government interest.

40.     Section 42, on its face and as applied, is an unconstitutional abridgment of the Plaintiffs' affirmative rights to free speech secured by the First and Fourteenth Amendments to the United States Constitution.

41.     The existence and enforcement of Section 42 chills and deprives Plaintiffs of their rights to free speech.  Plaintiffs are suffering irreparable harm to their First Amendment rights.

## COUNT III

## M.G.L. c. 56 § 42 is Facially Unconstitutional

## 42 U.S.C. § 1983

## (Vagueness)

42.     The Plaintiffs restate and incorporate by reference all of the allegations contained in all of the preceding paragraphs.

43.     Section 42 is unconstitutionally vague and overly broad in the speech in which it seeks to regulate. Additionally, Section 42 unconstitutionally relies on the intent of the speaker and implications of speech to ascertain its scope. *Briggs v. Ohio Election Commission*, 61 F.3d 487 (6th Cir. 1955).

44.     Section 42 does not serve a significant government interest.

45.     Section 42 is vague in its use of ambiguous terms like "designed" and "tends" without including a requirement of actual malice.

46.     Section 42 is because it fails to establish standards for the police that are sufficient to guard against arbitrary and discriminatory suppression of First Amendment rights and/or liberty interests.

47. Section 42, on its face and as applied, is an unconstitutional abridgment of the Plaintiffs' affirmative rights to free speech secured by the First and Fourteenth Amendments to the United States Constitution.

48. The existence and enforcement of Section 42 chills and deprives Plaintiffs of their rights to free speech. Plaintiffs are suffering irreparable harm to their First Amendment rights.

## COUNT IV

### The Processes and Procedures of the Falmouth & Barnstable District Courts Result in a Violation of Substantive and Procedural Due Process Rights

### 42 U.S.C. § 1983

49. Jobs First and Lucas restate and incorporate by reference all of the allegations contained in all of the preceding paragraphs.

50. From the moment of the initial application for a criminal complaint being filed with the Barnstable District Court, any person simply accused of violation Section 42 are subject to an arbitrary and capricious procedure and process sufficient to constitute a denial of substantive and procedural due process. Such procedures and process allow for broad and unlimited intrusion into the associational rights of political organizations, as well as the inherent harassment attendant with defending one's speech.

51. For example, the Defendants will and have conducted probable cause hearings on a complaint alleging violations of the M.G.L. c. 56 § 42, yet have failed to provide timely notice of a prompt and expeditious hearing or the opportunity to be heard at the hearing.

52. In light of the foregoing constitutional infirmities with respect to the process Jobs First (as well as others) has and will necessarily temper the exercise of their free speech less their

constitutional rights be trivialized by the process and procedures of the Barnstable and Falmouth District Courts.

53. In order to avoid such an arbitrary and capricious process and procedure utilized by the Barnstable and Falmouth District Courts, Jobs First (as well as others) has and will necessarily temper the exercise of their free speech less their constitutional rights be trivialized by the process and procedures of the Barnstable and Falmouth District Courts.

## PENDANT CLAIMS

## COUNT V

## ABUSE OF PROCESS BY DEFENDANT MANNAL

54. Jobs First and Lucas restate and incorporate by reference all of the allegations contained in all of the preceding paragraphs.

55. By seeking an application for a criminal complaint against Lucas, Mannal abused the Massachusetts criminal court process for the illegitimate purpose of gaining additional publicity for himself and his campaign while simultaneously chilling Jobs First's right to engage in political speech.

56. In so doing, Mannal knew that he had no evidence that Lucas had created, distributed or in any way participated in the creation or distribution of the disputed brochures.

57. Despite the lack of any evidence against Lucas, Mannal used the criminal complaint application process in the Barnstable District Court to seek a criminal complaint against Lucas.

58. Mannal also abused the criminal complaint application process for the purpose of chilling Jobs First constitutional right to engage in political speech.

59.     As a result of the application, Jobs First refrained from distributing brochures with the same content as the disputed brochures.

60.     As a result of the application, the Plaintiffs have sustained financial damages in the form o attorney's fees, costs and the loss of First Amendment rights.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request the following relief:

1.      Declare M.G.L. c. 56, § 42 facially unconstitutional;

2.      Declare M.G.L. c. 56, § 42 unconstitutional as applied to citizens and organizations taking positions on political issues;

3.      Declare M.G.L. c. 56, § 42 being preempted by the Federal Elections Campaign Act (FECA), 2 U.S.C. § 431 et seq., as it relates to the conduct and speech in campaigns for election to federal office;

4.      To enjoin the Clerk Magistrates of the Falmouth and/or Barnstable District Courts from investigating or issuing criminal complaints for alleged violations of M.G.L. c. 56, § 42;

5.      To enjoin the Clerk Magistrates of the Barnstable and/or Falmouth District Courts from enforcing M.G.L. c. 56, § 42 against Jobs First, Lucas and others similarly situated;

6.      Grant such remedial relief as the Court deems appropriate in order to remedy or rectify the arbitrary and capricious procedures and processes of the Barnstable and Falmouth District Courts which result in a denial of substantive and procedural due process;

7.      Grant Plaintiffs Jobs First and Lucas their costs and attorneys fees under 42 U.S.C. 1988 and any other applicable authority; and

8.      Grant any and all other such relief this Court deems may be just and equitable.

                                                  Respectfully submitted,

Peter Charles Horstmann, Esquire
BBO #556377
Law Offices of Peter Charles Horstmann
450 Lexington Street, Suite 101
Newton, MA 02466
(617) 723-1980
*pete@horstmannlaw.com*