UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOBS FIRST INDEPENDENT EXPENDITURE POLITICAL ACTION COMMMITTEE AND MELISSA LUCAS,<br><br>Plaintiffs,<br><br>v.<br><br>MARTHA COAKLEY, ATTORNEY GENERAL FOR THE COMMONWEALTH OF MASSACHUSETTS AND BRIAN MANNAL,<br><br>Defendants. | CIVIL ACTION<br>NO. 14-14338-NMG |

## STATE DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER

The state defendant, Massachusetts Attorney General Martha Coakley ("Attorney General Coakley"), respectfully submits this response to Plaintiffs' Emergency Motion for Temporary Restraining Order or Preliminary Injunction ("Plaintiffs' Emergency Motion").

Attorney General Coakley takes no position with respect to the primary relief sought in plaintiffs' motion, namely, an order enjoining the Clerk Magistrate of the Falmouth and/or Barnstable District Court from convening a Clerk's hearing currently scheduled for December 18, 2014, on defendant Brian Mannal's application for a criminal complaint against plaintiff Melissa Lucas alleging that Ms. Lucas violated Mass. Gen. Laws c. 56, § 42, and enjoining the Clerk from issuing a criminal complaint.  See Plaintiffs' Emergency Motion at 1, 8 (Docket No. 2).

The remaining relief sought by plaintiffs in the motion – a declaration that Mass. Gen.

Laws c. 56, § 42, is unconstitutional, and additional unspecified "remedial relief" to "rectify" unidentified "procedures and processes of the Barnstable and Falmouth District Courts" – is identical to relief on the merits sought by plaintiffs in the Complaint and thus is not appropriate for resolution at the preliminary injunction stage.  See Complaint, Prayer for Relief ¶¶ 1, 6 (Docket No. 1); Plaintiffs' Emergency Motion at 8 (Docket No. 2).  See, e.g., WarnerVision Entertainment v. Empire of Carolina, 101 F.3d 259, 261-62 (2d Cir. 1996) ("The purpose of a preliminary injunction is not to give the plaintiff the ultimate relief it seeks" but rather "'to prevent irreparable injury so as to preserve the court's ability to render a meaningful decision on the merits' [and] . . . 'to keep the parties, while the suite goes on, as far as possible in the respective positions they occupied when the suit began'") (internal citations omitted).  "As a general rule, therefore, a temporary injunction 'ought not to be used to give final relief before trial.'"  Id. at 262.  The Court therefore should consider nothing more on plaintiffs' motion than the question of whether to stay the Clerk's hearing currently scheduled for December 18.

Attorney General Coakley reserves the right to address the merits of plaintiffs' claims challenging the constitutionality of the statute and the procedures of the District Courts, as well as any other claims asserted in the Complaint, at an appropriate time.

    Respectfully submitted,

    MARTHA COAKLEY
    ATTORNEY GENERAL

    /s/ Amy Spector
    Amy Spector, BBO #557611
    Assistant Attorney General
    One Ashburton Place
    Boston, Massachusetts  02108
    (617) 978-2076
    amy.spector@state.ma.us

Dated:  December 11, 2014

## CERTIFICATE OF SERVICE

      I hereby certify that the above Response, filed electronically through the Court's electronic case filing system on December 11, 2014, will be sent electronically to all parties registered on the Court's electronic filing system, and paper copies of the motion will be sent by first class mail, postage pre-paid, to non-registered parties.

                                    /s/ Amy Spector
                                    Amy Spector