UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____
JOBS FIRST INDEPENDENT EXPENDITURE )
POLITICAL ACTION COMMITTEE and )
MELISSA LUCAS, )
                Plaintiffs, )
   )
v. )   CASE NO.:  14-CV-14338NMG
   )
MARTHA COAKLEY, Attorney General for the )
Commonwealth Of Massachusetts )
and BRIAN MANNAL, )
                Defendants. )
_____)

# PLAINTIFF'S SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF PRELIMINARY INJUCTION AND TO REFUSE ABSTENTION UNDER *YOUNGER v. HARRIS*

On December 12, 2014, this Court issued an Order inviting the Parties to submit further memoranda regarding the potential applicability of *Younger v. Harris*, 401 U.S. 37 (1971), and Chief Judge Caffrey's opinion in *Gannett Satellite Information Network v. Norwood,* 579 F.Supp. 108 (D.Mass. 1984), to the instant case.  In *Younger*, the Supreme Court held that a federal court should not enjoin a criminal action pending in state court prior to the commencement of the federal suit absent certain extraordinary circumstances.  *Gannett Satellite,* at 112.(applying *Younger* to criminal application that was pending at time of the filing of the federal case).

For the reasons set forth herein, the Plaintiffs respectfully urge the Court to decline the application of the *Younger* Abstention Doctrine and to issue the requested preliminary injunction:

A.     **M.G.L. 56, § 42 IS FACIALLY UNCONSTITUIONAL**

The Supreme Court in *Younger* recognized that there would be cases where "extraordinary circumstances" would limit *Younger's* applicability. *Id.* at 53. Such circumstances would include cases in which the irreparable injury can be proven, (even in the absence of the usual prerequisites of bad faith and harassment), and the state:

> statute might be flagrantly and patently violative of express constitutional prohibitions in every clause, sentence and paragraph, and in whatever manner and against whomever an effort might be made to apply it.'

*Id.* at 53-54, *quoting Watson v. Buck*, 313 U.S. 387, 402 (1941).

In the instant case, M.G.L. c. 56, § 42 is clearly unconstitutional on its face and may not be construed so narrowly so as to pass constitutional muster. *Gannett*, at 113. As the First Circuit has clearly noted:

> As a general rule, therefore, the government cannot inhibit, suppress, or impose differential content-based burdens on speech. *Id.* at 641–42, 114 S.Ct. 2445. To provide maximum assurance that the government will not throw its weight on the scales of free expression, thereby "manipulat[ing] ... public debate through coercion rather than persuasion," *id.* at 641, 114 S.Ct. 2445, courts presume content-based regulations to be unconstitutional. *R.A.V. v. City of St. Paul,* 505 U.S. 377, 382, 112 S.Ct. 2538, 120 L.Ed.2d 305 (1992); *Nat'l Amusements, Inc. v. Town of Dedham,* 43 F.3d 731, 736 (1st Cir.1995). While courts theoretically will uphold such a regulation if it is absolutely necessary to serve a compelling state interest and is narrowly tailored to the achievement of that end, *see, e.g., Boos v. Barry,* 485 U.S. 312, 321–29, 108 S.Ct. 1157, 99 L.Ed.2d 333 (1988); *Ark. Writers' Project, Inc. v. Ragland,* 481 U.S. 221, 231–32, 107 S.Ct. 1722, 95 L.Ed.2d 209 (1987), such regulations rarely survive constitutional scrutiny.

*McGuire v. Reilly,* 260 F.3d 36, 42-43 (1st Cir. 2001). M.G.L. c. 56 § 42 clearly falls into this category.

As set forth in the Plaintiff's Emergency Motion For Temporary Restraining Order Or Preliminary Injunction previously filed with this Court, virtually identical statutes have been declared unconstitutional in other states. As the Eighth Circuit recently noted, the irreparable

damage to Plaintiff Lucas is done at the time a complaint is filed regardless of whether prosecution is likely. *Care Committee v. Arneson*, 766 F.3d 774, 792 (8th Cir. 2014). In *Care Committee* the court examined a similar statute which criminalized knowing or reckless dissemination of a false statement that is designed to defeat a ballot question. *Id.* at 778. Likewise, § 42 cannot survive.

B.   **THE FALMOUTH HEARING AND PENDING APPLICATION DO NOT IMPLICATE IMPORTANT STATE INTERESTS.**

The Supreme Court has further restricted *Younger's* applicability to cases where (1) there are pending state proceedings at the time of the federal action, (2) the proceedings implicate important state interests, and (3) the proceedings provide an adequate opportunity for raising federal constitutional questions.[1] *Middlesex County Ethics Committee v. Garden State Bar Association,* 457 U.S. 423, 432 (1982)

It is clear from both the appellate history of § 42 and the evolving First Amendment law since the enactment of § 42 in 1946 that the Commonwealth of Massachusetts does not have an important state interest in the enforcement of this statute. Regardless of the fact that § 42 implicates First Amendment rights, most modern means of communicating allegedly false statements regarding candidates would be made by mediums that are subject to federal and not state regulation. Any allegedly false statement made by mail, telephone, internet, radio or television would implicate federal laws which would pre-empt any important state interest. Here, the communication was made by "brochures" which were delivered to voters residences. It is difficult to imagine an important state interest involved in the regulation of hand delivered political brochures that would not be supersede by the First Amendment.

---

[1] For analysis of 1 and 3, See Argument C, *infra*.

C.  *YOUNGER* IS INAPPLICABLE WHERE NO PROSECUTION IS PENDING OR THERE IS NO ADEQUATE MEANS OF RAISING A CONSTITUTIONAL CHALLENGE

In *Younger*, which involved a plaintiff who had been indicted by a grand jury before the federal action, the Supreme Court specifically declined to apply its ruling to cases in which no criminal prosecution is pending:

> "We express no view about the circumstances under which federal courts may act when there is no prosecution pending in state courts at the time the federal proceeding is begun."

*Younger* at 39.  Therefore, *Younger* abstention is inappropriate if there is no pending state criminal prosecution of the plaintiff.  *Steffel v. Thompson,* 415 U.S. 452, 462 (1974).

The question regarding what constitutes a "pending criminal case" under Massachusetts law was not addressed in any detailed analysis by Judge Caffrey in *Gannett*.  Judge Caffrey concluded that *Younger* does not require a "wooden" approach to the determination of the date upon which a criminal action commences.  *Gannett*, at 113.  This reference is most likely attributable to *Hicks v. Miranda,* 422 U.S. 332, 349-50 (1975), in which the Supreme Court concluded that *Younger* should be applied to cases where the criminal charges were filed after the federal case, so long as no substantive hearing on the merits was held in the federal case, and the other *Younger* exceptions were not met.[2]

In so ruling, Judge Caffrey did not consider whether the Massachusetts criminal application proceeding was even a criminal proceeding at all.  Indeed, this question has been answered by subsequent Massachusetts appellate decisions that clearly indicate that a criminal complaint application proceeding is *not* a criminal proceeding at all.

---

[2] Counsel fully expects a hearing on the merits to take place on December 19, 2014, as scheduled, which would be one day before the criminal application hearing.

The Massachusetts Supreme Judicial Court, in referring to proceedings under M.G.L. c. 218, § 35A as "show cause hearings", specifically held that these proceedings do not contain many of the constitutional protections afforded defendants in criminal proceedings like the right to have appointed counsel, to cross-examine witnesses and to public access. *Eagle Tribune Pub. Co. v. Clerk Magistrate of Lawrence*, 448 Mass. 647, 653 (2007). Moreover, show cause hearings are presided over by a clerk-magistrate who need not even be an attorney. *Id.* at 650. The *Eagle Tribune* court noted that while the general purpose of show cause hearings is to "screen out baseless complaints" and resolve "commonplace disputes", *id.* at 656, the statutory purpose is to "determine whether there is probable cause to issue criminal process against an accused." *Id.* at 651. All of the foregoing descriptions of the process afforded the parties to a show cause hearing mitigate in favor of a finding that such a hearing is not criminal at all.

While the clerk-magistrate clearly enjoys considerable discretion to approve or deny the issuance of a criminal complaint, it is doubtful that the clerk-magistrate has the legal authority or legal training to declare a Massachusetts criminal statute to be unconstitutional as requested. This factor alone is sufficient for this Court to find that *Younger* is inapplicable. *Middlesex County Ethics Committee v. Garden State Bar Association,* 457 U.S. at 432(indicating that *Younger* abstention applies only if (1) there are pending state proceedings at the time of the federal action, (2) the proceedings implicate important state interests, and **(3) the proceedings provide an adequate opportunity for raising federal constitutional questions**).

As a result, in the absence of a pending prosecution, the principles that provided the rationale for abstention—equity, comity, and federalism—"have little force." *Steffel,* 415 U.S. at 462. (internal quotations and citation omitted). The *Steffel* Court explained that:

> Requiring the federal courts totally to step aside when no state criminal prosecution is pending against the federal plaintiff would turn federalism on its

> head. When federal claims are premised on 42 U.S.C. § 1983 ... we have not required exhaustion of state judicial or administrative remedies, recognizing the paramount role Congress has assigned to the federal courts to protect constitutional rights. But exhaustion of state remedies is precisely what would be required if ... federal ... relief were unavailable in a case where no state prosecution had been commenced.

*Steffel v. Thompson,* 415 U.S. at 462 (1974). Accordingly, *Younger* does not apply to the instant claim.

**D.     THIS COURT HAS AUTHORITY TO GRANT THE REQUESTED RELEIF IF IT DETERMINES THAT THE PLAINTIFF'S WILL SUFFER FUTURE HARM.**

The Supreme Court has recognized even where *Younger* may apply to one plaintiff, others may have a viable claim which entitles them to injunctive relief under the First Amendment. Jobs First is a political action committee that is challenging incumbent elected officials. There is a certainty that Jobs First will challenge Mannal again in two years during his re-election campaign and throughout the next two years of his service as a state representative. Those future challenges will involve Mannal's stance on sex-offenders and the use of public funds to assist them. The Supreme Court has recognized that it is not necessary for Jobs First to expose itself to criminal prosecution in order to challenge **§** 42 in order to obtain relief. *Steffel v. Thompson,* 415 U.S. at 459. In *Steffel,* the plaintiff was threatened with arrest which the Court found was sufficient to afford jurisdiction. *Id.* More recently, the Court applied the same principles to a case where there were no threats of arrest, but the plaintiff was found to be likely to engage in the same speech. *Susan B. Anthony List v. Driehaus,* ____ U.S. ____, 134 S.Ct. 2334, 2342 (2014).

E. **THIS COURT HAS AUTHORITY TO ADDRESS THE PLAINTIFF'S CLAIMS WHERE THE DENIAL OF PROMPT JUDICIAL REVIEW WOULD IMPOSE A SUBSTANTIAL HARDSHIP ON THE PLAINTIFF.**

Because Jobs First claim as to the constitutionality of § 42 is "purely legal, and will not be clarified by further factual development", and denting prompt judicial review would impose a substantial hardship on Jobs First in forcing them to refrain from core political speech or engaging in that speech and risking further costly criminal and civil litigation.  Susan B. Anthony List v. Driehaus, at 2347, *quoting Thomas v. Union Carbide Agricultural Products Co.,* 473 U.S. 568, 581 (1985).

## CONCLUSION

Accordingly, as a result of the individual and cumulative arguments set forth above, this Honorable Court is respectfully urged to issue a preliminary injunction enjoining the show cause hearing scheduled for December 18, 2014.

Respectfully submitted,

Peter Charles Horstmann, Esquire
BBO #556377
Law Offices of Peter Charles Horstmann
450 Lexington Street, Suite 101
Newton, MA 02466
  (617) 723-1980
*pete@horstmannlaw.com*

## CERTIFICATE OF SERVICE

    I, Peter Charles Horstmann, Esquire, hereby certify that on this 15th day of December, a copy of the foregoing was served electronically, upon Amy Assistant Attorney General, 1 Ashburton Place, Boston, MA and Brian Mannal, Esquire, 297 North Street, No. 230 Hyanis, MA.

_____
Peter Charles Horstmann, Esquire