UNITED STATES DISTRICT COURT
for the
DISTRICT OF MASSACHUSETTS

MELISSA LUCAS AND
JOBS FIRST INDEPENDENT EXPENDITURE
POLITICAL ACTION COMMITTEE

*Plaintiffs*

v.

Civil Action No.:
1:14-CV-14338-NMG

MARTHA COAKLEY AND
BRIAN MANNAL

*Defendants*

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT ON YOUNGER ABSTENTION GROUNDS**

Pursuant to Fed. R. Civ. P. 12(b)(1), Defendant Brian Mannal ("Defendant" or "Mannal" hereinafter) respectfully submits this Memorandum in Support of Defendant's Motion to Dismiss Plaintiffs' Complaint on Younger Abstention Grounds. The Younger abstention doctrine mandates that Plaintiffs' Complaint be dismissed and that the Clerk Magistrate of the Falmouth District Court be permitted to convene the previously scheduled (and currently pending) Clerk's Hearing in relation to Defendant's Application for a Criminal Complaint against Plaintiffs for violation of M.G.L. c. 56, §42.

## I. Background

Defendant Brian Mannal is a state representative in the Massachusetts House of Representatives, as well as a general practice attorney with a private law practice in Barnstable, Massachusetts. In 2014, the Defendant was a candidate for re-election to the Massachusetts House of Representatives. Several weeks before the November 2014 election, Plaintiffs Melissa Lucas and the Jobs First Independent Expenditure Political Action Committee ("Jobs First IE PAC" hereinafter) made and published electioneering communications (i.e., mass mailers) that contained false and defamatory statements of fact about the Defendant. Specifically, the Plaintiffs' electioneering communications alleged that Brian Mannal was "helping himself" by filing legislation to provide indigent sex offenders with notice of their right to public counsel during reclassification hearings, and that he "wants to use our tax dollars to pay defense attorneys like himself to help convicted sex offenders". Upon information and belief, the

1

Plaintiffs had knowledge of the fact that Brian Mannal has never handled a sex offender case and is not certified by the Committee for Public Counsel Services to accept indigent appointments for cases before the Sex Offender Registration Board. Nevertheless, Plaintiffs Melissa Lucas and the Jobs First IE PAC knowingly made and published the aforementioned defamatory statements to thousands of voters in the 2nd Barnstable District for the purpose of encouraging them to "vote against Brian Mannal".

Massachusetts General Laws chapter 56, §42 states, "No person shall make or publish, or cause to be made or published, any false statement in relation to any candidate for nomination or election to public office, which is designed or tends to aid or to injure or defeat such candidate."

On October 21, 2014, Defendant Brian Mannal filed an Application for a Criminal Complaint against Melissa Lucas and the Jobs First IE PAC in Barnstable District Court alleging violation(s) of M.G.L. c. 56, §42. Shortly thereafter, Defendant's Application for a Criminal Complaint was transferred to the Falmouth District Court *en banc*. On October 27, 2014, the Plaintiffs (through counsel) filed a Motion to Dismiss the Application for a Criminal Complaint. On October 30, 2014, a Clerk's Hearing to consider Mannal's Application for a Criminal Complaint was scheduled for November 20, 2014. Several days prior to the hearing, Plaintiffs filed a Motion for Continuance on the grounds that Ms. Lucas had prepaid for an out-of-state vacation and the vacation dates conflicted with the date of the scheduled hearing. The Plaintiffs' Motion for Continuance was allowed and the Clerk's Hearing was re-scheduled from November 20, 2014 to December 18, 2014.

On December 5, 2014, the Plaintiffs filed a Complaint for Declaratory Judgment and Injunctive Relief and Emergency Motion for Temporary Restraining Order or Preliminary Injunction in U.S. District Court, arguing that M.G.L. c. 56, §42 is facially unconstitutional and that the previously scheduled (and currently pending) Clerk's Hearing on the Defendant's Application for a Criminal Complaint will cause the Plaintiffs irreparable harm. To date, the Plaintiffs have not served Defendant Brian Mannal with a true copy of the Complaint and Motion, as is required by the Federal Rules of Civil Procedure.

Defendant Brian Mannal now moves to dismiss this action on subject matter jurisdiction grounds as mandated under the Younger abstention doctrine. Dismissal of Jobs First IE PAC's action will ensure that the state court will be able to consider the merits of the Defendant's Application for a Criminal Complaint. Assuming, *arguendo*, that there is probable cause to issue a criminal complaint against Ms. Lucas and the Jobs First IE PAC, dismissal of the Plaintiffs' complaint will permit the Commonwealth's enforcement of M.G.L. c. 56, §42 and enables Ms.

Lucas and the Jobs First IE PAC to raise, as defenses, any constitutional or other challenges they wish to make. Furthermore, dismissal will ensure that Ms. Lucas and Jobs First IE PAC will not be able to avoid answering to a state law enforcement proceeding by asserting an impermissible claim through a race to the courthouse.[1]

## II. Argument

In *Younger v. Harris*, the U.S. Supreme Court held that federal courts cannot prohibit pending state criminal proceedings except under extraordinary circumstances where the danger of irreparable harm to the defendant is both great and immediate. Specifically, the Court held that, according to long-standing public policy and proper respect for state functions, federal courts should not restrain state criminal proceedings unless the defendant will suffer great and immediate irreparable injury, even if the state statute is possibly unconstitutional. According to the Court, the cost, anxiety, and inconvenience of defending oneself in a single criminal prosecution do not constitute great and immediate irreparable injury.[2]

As a matter of comity, federal courts are required to abstain from enjoining ongoing state court proceedings absent extraordinary circumstances.[3] Under *Younger*, a federal court must abstain "if (1) there is an ongoing state judicial proceeding involving the federal plaintiff that (2) implicates important state interests and (3) provides an adequate opportunity for the federal plaintiff to assert his federal claims."[4] Assuming that this three-prong test is met, then a federal court may only enjoin a pending state criminal court proceeding if certain narrowly delimited exceptions to the abstention doctrine apply. Specifically, courts may disregard the Younger doctrine when: (1) the state court proceeding was brought in bad faith or with the purpose of harassing the federal plaintiff, (2) the state statute is "flagrantly and patently violative of express constitutional prohibitions in every clause, sentence, and paragraph, and in whatever manner and against whomever an effort might be made to apply it," or (3) application of the doctrine was waived.[5]

Defendant Brian Mannal argues that the first prong of the Younger abstention analysis was satisfied when he filed an Application for a Criminal Complaint against the Plaintiffs on

---

[1] Defendant does not waive, and affirmatively raises, any additional defenses that may be available to him, including, but not limited to, improper service and insufficiency of process in this case.
[2] *Younger v. Harris*, 401 U.S. 37 (1971)
[3] *Id.* at 43–47 (addressing state criminal prosecutions)
[4] *Local Union No. 12004, USW v. Massachusetts*, 377 F.3d 64, 76 n.11 (1st Cir. 2004) (citing *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423 (1982)).
[5] Younger, 401 U.S. at 49, 91 S.Ct. 746; *Trainor v. Hernandez*, 431 U.S. 434, 446, 97 S.Ct. 1911, 52 L.Ed.2d 486 (1977)

October 21, 2014. In response to the filing of said Application, the Plaintiffs' attorney entered a formal Appearance of Counsel and filed a Motion to Dismiss in the Falmouth District Court. But for the Plaintiffs' request to reschedule the Clerk's Hearing from November 20, 2014 to December 18, 2014, the merits of the Defendant's Application for a Criminal Complaint would have already been considered. It is important to note that all that is required under the first prong of *Younger* is that the state court action be filed "before any proceedings of substance on the merits have taken place in federal court," at which time, "the principles of Younger v. Harris should apply in full force."[6]

With regard to the second prong of the Younger abstention analysis, the Defendant argues that the Commonwealth has an important public interest in the enforcement of laws that protect the integrity of its democratic processes. The Defendant's Application for a Criminal Complaint is based upon alleged violations of M.G.L. c. 56, §42. Said statute was drafted and enacted to prevent the exact type of wrongdoing that is alleged in the Defendant's Application for a Criminal Complaint. Hence, it can be assumed that the (potential) enforcement of M.G.L. c. 56, §42 by the Commonwealth involves an important public interest.

With regard to the third and final prong of the Younger abstention analysis, the Defendant asserts that the Plaintiffs have an adequate opportunity to raise their federal claims in state court. That is, if and/or when a criminal complaint is issued against Ms. Lucas and Jobs First IE PAC, there is no reason to believe that they will be denied the opportunity to raise their federal claims. Moreover, if convicted, the Plaintiffs shall be permitted to appeal the conviction and argue that the false statements of fact contained within their electioneering communications are constitutionally protected. As previously stated, it is important to note that where important state interests are involved in the proceeding being challenged, federal courts will defer to the state court that could review the proceedings and hear the constitutional challenges.[7]

Having satisfied the three-prong test for the application of the Younger abstention doctrine, this Court may next consider whether the narrowly delimited exceptions to the abstention doctrine apply to the instant case. In the instant case, it is evident that the state court proceedings have not been brought in bad faith or with the purpose of harassing the federal plaintiff, nor has application of the doctrine been waived. Hence, the final question for consideration is whether M.G.L. c. 56, §42 is "flagrantly and patently violative of express constitutional prohibitions in every clause, sentence, and paragraph, and in whatever manner and

---

[6] *Hicks v. Miranda*, 422 U.S. 332, 349 (1975)
[7] *Ohio Civ. Rgts. Comm'n v. Dayton Chr. Pub. Schs.*, 477 U.S. 619 (1986)

against whomever an effort might be made to apply it." In the case of *Gannett Satellite Info. Network v. Town of Norwood*, this court considered a similar question regarding the constitutionality of a broadly written local ordinance that sought to govern the placement of signs (i.e., newspaper racks) on public ways. There, this court held that the ordinance by which the Town proceeded against Gannett was not unconstitutional on its face, and because the state courts might very well construe the ordinance narrowly so as to pass constitutional muster, the state forum is particularly appropriate.[8] Given the fact that language of M.G.L. c. 56, §42 is more narrowly tailored than the language of the ordinance examined in *Gannett*, it stands to reason that this Court should not find M.G.L. c. 56, §42 facially unconstitutional.

### III. Conclusion

Plaintiffs' Complaint for Declaratory Judgment and Injunctive Relief is not properly before this Court. Defendant Brian Mannal has demonstrated that the Younger abstention criteria apply in this case, and there are no extraordinary circumstances that indicate otherwise. Plaintiffs now bear the burden of demonstrating that this Court has subject matter jurisdiction. The circumstances surrounding Plaintiffs' filing of this action speak volumes regarding its impropriety. Upon learning that state court action was imminent, Plaintiffs raced to federal court in an attempt to have the case heard on the basis of their alleged constitutional defense rather than on the merits. The Plaintiffs' filing cannot be sustained under well-settled law and amounts to a waste of judicial and public resources. For all of the reasons set forth herein, the Defendant respectfully requests that this Court abstain from considering Plaintiffs' Declaratory Judgment and Injunctive Relief action under the Younger abstention doctrine and order this matter dismissed post haste.

Dated: December 15, 2014

Respectfully Submitted,

Brian R. Mannal, Esquire
BBO # 672667
297 North Street, Suite 230
Hyannis, MA 02601
(508) 775-1177
brianmannal@gmail.com

---

[8] *Gannett Satellite Info. Network v. Town of Norwood*, 579 F.Supp. 108 (1984).