UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____
JOBS FIRST INDEPENDENT EXPENDITURE )
POLITICAL ACTION COMMITTEE and )
MELISSA LUCAS, )
                     Plaintiffs, )
                     )
v. )    DOCKET NO.: 14-14338NMG
                     )
MARTHA COAKLEY, Attorney General for the )
Commonwealth Of Massachusetts )
and BRIAN MANNAL, )
                     Defendants. )
_____)

**PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT MANNAL'S MOTION TO DISMISS AND *YOUNGER* ANALYSIS**

By the instant memorandum the Plaintiffs hereby oppose Defendant Mannal's Motion to Dismiss. In so doing, the Plaintiffs incorporate by reference their previously filed legal memoranda. The Plaintiffs respectfully submit the following:

**A.**     *Mangual v. Rotger-Sabat*, **317 F.3d 45 (1st Cir. 2003)**

Additionally, the Court is respectfully directed to the First Circuit case of *Mangual v. Rotger-Sabat*, 317 F.3d 45 (1st Cir. 2003), in which the Court found the Puerto Rico criminal libel statute violated the First Amendment. The Puerto Rico statute contained language similar to the language here which criminalized false statement made against public officials.

> If the victim is a public officer and the charge made refers to the performance of his duties, or if what was related or published refers to matter of public interest, the accused shall be acquitted whenever it is proven that the charge made is true; Provided, That if the charge made is false, said accused shall not be acquitted, if it is proven that he acted knowing the fact to be false and with gross and obstinate contempt of the truth.

*Id.* at 52. The First Circuit found that even though the statute contained an affirmative defense regarding the truth, this was not enough to satisfy the First Amendment. *Id.* at 67. Here, M.G.L. 56, Section 42 contains no such affirmative defense and does not track any of the requirement of *New York Times v. Sullivan*. As a result, the Court concluded that:

> We hold that the Puerto Rico criminal libel statute incorporates constitutionally invalid standards in the context of statements about public officials or public figures. We hold that Puerto Rico's criminal libel statute, 33 P.R. Laws Ann. §§ 4101–4104, is unconstitutional under the First Amendment as applied to statements regarding public officials or figures.

*Id.* at 69. It is respectfully submitted that this holding is dispositive of the issue presented in the instant case.

**B.     FIRST CIRCUIT FINDS NO NEED TO DELAY THE INEVITABLE THROUGH ABSTENTION**

Significantly, in *Mangual* the First Circuit also brought new and instructive wisdom to the abstention debate by concluding that:

> The need for a federal constitutional ruling would not be obviated by abstention. That the defendants may prefer to have the federal constitutional ruling made by a Puerto Rico court rather than by a federal court is of no moment. The Puerto Rico courts would be faced with exactly the same issues as this Court—issues which are federal ones and not ones of Puerto Rico law. The plaintiff is entitled to his federal forum. Were we to abstain in this matter, we would merely "await an attempt to vindicate the same claim in a state court," ........and that we may not do.

*Id.* at 63-64 quoting *McNeese v. Bd. of Educ.*, 373 U.S. 668, 672 (1963), *City of Houston v. Hill*, 482 U.S. 451, 467–69 (1987). This ruling obviates the need for this Court to engage in any protracted *Younger* analysis.

C.   **M.G.L. c. 56 § 42 IS FACIALLY INVALID**

In the last section of Mannal's memorandum it is argued that the town ordinance in *Gannett Satellite Information Network v. Norwood,* 579 F.Supp. 108 (D.Mass. 1984), that was held not to be facially unconstitutional, was not as narrowly tailored as the § 42. This is not an accurate assessment of *Gannett* or § 42. First of all *Gannett* had to do with local ordinances that restricted the placement of USA Today Newspaper boxes in certain towns. *Id.* at 110-11. While this restriction clearly implicated the First Amendment, it did not rise even to the level of a state-wide issue. By comparison the rights of Jobs First to engage in free speech by "handing out leaflets in the advocacy of a politically controversial viewpoint-is the essence of First Amendment expression." *McIntyre v. Ohio Elections Com'n*, 514 U.S. 334, 347 (1995).

Here, the law effects everyone in Massachusetts who might feel restricted or chilled by the existence of the law. *Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 340 (1974). This is a classic "substantially" overbroad statute whereby there is "a realistic danger that the statute itself will significantly compromise recognized First Amendment protections of parties not before the Court." *New York State Club Ass'n, Inc. v. City of New York*, 487 U.S. 1 (1988); *United States v. Williams*, 553 U.S. 285, 292 (2008)(statute is facially invalid if it prohibits a substantial amount of protected speech). Accordingly, when the above analysis is applied, § 42 is clearly facially invalid.

D.   **DEFENDANT MANNAL BEARS THE BURDEN OF PROOF AT THE PRELIMINARY INJICTION HEARING.**

Where a statute is challenged on First Amendment grounds, the burden of proving the legitimacy of the statute falls upon the statute's proponent. *Bellotti v. Telco Communications, Inc.*, 650 F.Supp. 149, 152-153 (D.Mass. 1986). Where the plaintiff challenges a statute on First Amendment grounds, the Government bears the burden of proof on the statute's constitutionality.

*Ashcroft v. ACLU,* 542 U.S. 656, 663 (2004). The proponent's "burden is not merely to show that a proposed less restrictive alternative has some flaws; its burden is to show that it is less effective." *Id.* Because the Attorney General's office is not opposed to a preliminary injunction, (having reserved its right to fight a later day), this burden necessarily falls to Defendant Mannal.

**D.   CONCLUSION**

WHEREFORE, Plaintiffs request the following relief:

1. Declare M.G.L. c. 56, § 42 facially unconstitutional;

2. To enjoin the Clerk Magistrate of the Falmouth and/or Barnstable District Court from conducting a hearing, investigating, issuing criminal complaints or otherwise enforcing alleged violations of M.G.L. c. 56, § 42 against Jobs First, Lucas and others similarly situated;

3. Grant such remedial relief as the Court deems appropriate in order to remedy or rectify the arbitrary and capricious procedures and processes of the Barnstable and Falmouth District Courts which result in a denial of substantive and procedural due process; and

4. Grant any and all other such relief this Court deems may be just and equitable.

    Respectfully submitted,

    Peter Charles Horstmann, Esquire
    BBO #556377
    Law Offices of Peter Charles Horstmann
    450 Lexington Street, Suite 101
    Newton, MA 02466
    (617) 723-1980
    *pete@horstmannlaw.com*

## CERTIFICATE OF SERVICE

  I, Peter Charles Horstmann, Esquire, hereby certify that on this 16th day of December, a copy of the foregoing was served electronically, upon Amy Spector, Assistant Attorney General, 1 Ashburton Place, Boston, MA and Brian Mannal, Esquire, 297 North Street, No. 230 Hyannis, MA.

_____
Peter Charles Horstmann, Esquire