United States District Court
District of Massachusetts

| | |
|---|---|
| JOBS FIRST INDEPENDENT EXPENDITURE POLITICAL ACTION COMMITTEE and MELISSA LUCAS, ) ) ) ) ) Plaintiffs ) ) v. ) ) MARTHA COAKLEY, Attorney General ) for the Commonwealth of Massachusetts, ) and BRIAN MANNAL, ) ) Defendants ) ) | Civil Action No. 14-CV-14338 |

## ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT BRIAN MANNAL AND COUNTERCLAIM OF BRIAN MANNAL AND SARA MANNAL

Defendant Brian Mannal ("Mannal"), hereby answers the Complaint ("Complaint") filed by Plaintiffs Jobs First Independent Expenditure Political Action Committee ("Jobs First") and Melissa Lucas ("Lucas"), Defendant Mannal responds to the Plaintiffs' allegations in like numbered paragraphs as follows:

### PLAINTIFFS' STATEMENT REGARDING JURISDICTION

1.     Paragraph 1 of the Complaint states a legal conclusion for which no answer is required. Notwithstanding, Defendant Mannal denies that this case and controversy involve matters that fall under the jurisdiction of 42 U.S.C. §2000cc.

### PLAINTIFFS' INDENTIFICATION OF THE PARTIES

2.     The allegations set forth in Paragraph 2 of the Complaint are admitted.

3.     The allegations set forth in Paragraph 3 of the Complaint are admitted. Upon information and belief, in addition to being the Treasurer of the Jobs First Independent Expenditure Political Action Committee, Melissa Lucas is also the Chairman of said

Political Action Committee.

4.      The allegations set forth in Paragraph 4 of the Complaint are admitted.

5.      The allegations set forth in Paragraph 5 of the Complaint are admitted in part. Defendant Brian Mannal notes that he is the incumbent state representative for the 2nd Barnstable District of the Massachusetts House of Representatives, as opposed to "the state representative for Barnstable". Defendant Mannal further notes that the 2nd Barnstable District is comprised of Barnstable Precincts 2-10 and 13, as well as Yarmouth Precincts 5 and 6.

## PLAINTIFFS' FACTUAL ALLEGATIONS

6.      Paragraph 6 of the Complaint states a legal conclusion for which no answer is required.

7.      Paragraph 7 of the Complaint states a legal conclusion for which no answer is required.

8.      Paragraph 8 of the Complaint is a narrative for which no answer is required. To the extent that an answer is required, the allegations set forth in Paragraph 8 of the Complaint are denied for lack of clarity.

9.      Paragraph 9 of the Complaint is a narrative for which no answer is required. To the extent that an answer is required, the allegations set forth in Paragraph 9 of the Complaint are denied. Specifically, Defendant Mannal denies the Plaintiffs' claim that "Lucas had nothing to do with the creation of these materials." Defendant Mannal submits that in her roles as Chairman and Treasurer of the Jobs First IE PAC, Melissa Lucas authorized the expenditure of PAC funds and was responsible for the creation, publication, and distribution of brochures relating to and/or concerning Brian Mannal.

10.     Paragraph 10 of the Complaint is a narrative for which no answer is required. To the extent that an answer is required, the allegations set forth in Paragraph 10 of the Complaint are denied. Defendant Mannal submits that the Plaintiffs' summary and/or

characterization of the Jobs First electioneering communication is misleading.

11.     Paragraph 11 of the Complaint is a narrative for which no answer is required. To the extent that an answer is required, the allegations set forth in Paragraph 11 of the Complaint are denied. As previously stated, Defendant Mannal submits that the Plaintiffs' summary and/or characterization of the Jobs First electioneering communication is misleading.

12.     The allegations set forth in Paragraph 12 of the Complaint are denied. Defendant Mannal submits that he is a general practice attorney. Defendant Mannal concedes that he has previously accepted appointments to represent indigent defendants in Barnstable District Court, however, he no longer accepts court appointments as a bar advocate.

13.     The allegations set forth in Paragraph 13 of the Complaint are denied. As previously stated, Defendant Mannal submits that the Plaintiffs' summary and/or characterization of the Jobs First electioneering communication is misleading. Defendant Mannal further submits that the Plaintiffs' narrative fails to reference the precise language of the electioneering communication that prompted him to file an application for a criminal complaint against Melissa Lucas for violation of M.G.L. c. 56 §42. Specifically, Defendant Mannal notes that the statements in large, bold font that Brian Mannal is "helping himself" and that "he wants to uses our tax dollars to pay defense attorneys like himself to help convicted sex offenders" are omitted from the Plaintiffs' Complaint. Additionally, Defendant Mannal notes that the Plaintiffs' summary of the electioneering communication also fails to reference the Jobs First statement that "Brian Mannal is putting criminals and his own interest above our families." As per the below Counterclaim, Brian Mannal contends that the above-referenced statements are false and defamatory.

14.     The allegations set forth in Paragraph 14 of the Complaint are admitted.

15.     Defendant Mannal is without knowledge or information sufficient to form a belief as to the accuracy of the allegations set forth in Paragraph 15 of the Complaint. Specifically, Defendant Mannal is without knowledge or information regarding the date

that the Plaintiffs filed a Motion to Dismiss his application for a criminal complaint.

16.     Defendant Mannal is without knowledge or information sufficient to form a belief as to the accuracy of the allegations set forth in Paragraph 16 of the Complaint. Specifically, Defendant Mannal is without knowledge or information regarding the date that his application was transferred from the Barnstable District Court to the Falmouth District Court.

17.     The allegations set forth in Paragraph 17 of the Complaint are admitted.

18.     The allegations set forth in Paragraph 18 of the Complaint are admitted.

## PLAINTIFFS' SUMMARY OF THE CASE

19.     Paragraph 19 of the Complaint is a narrative for which no answer is required.

20.     Paragraph 20 of the Complaint states a legal conclusion for which no answer is required. To the extent that an answer is required, Defendant Mannal denies the allegations set forth in Paragraph 20 of the Complaint. Specifically, Defendant Mannal denies that Melissa Lucas' and Jobs First's false and defamatory statements that Brian Mannal is "helping himself" and that "he wants to uses our tax dollars to pay defense attorneys like himself to help convicted sex offenders" and "Brian Mannal is putting criminals and his own interest above our families" constitute political speech that is protected by the First Amendment to the United States Constitution.

21.     Paragraph 21 of the Complaint states a legal conclusion for which no answer is required. To the extent that an answer is required, Defendant Mannal denies the allegations set forth in Paragraph 21 of the Complaint. Defendant Mannal submits that the First Amendment of the United States Constitution does not protect false and defamatory statements, and that the characterization of M.G.L. c. 56 §42 as a "content based restriction" is misleading.

22.     Paragraph 22 of the Complaint states a legal conclusion for which no answer is required. To the extent that an answer is required, Defendant Mannal denies the allegations set forth in Paragraph 22 of the Complaint. Defendant Mannal submits that

M.G.L. c. 56 §42 is neither impermissibly vague, nor overly broad. Defendant Mannal notes that the language of the statute speaks for itself. Defendant Mannal further notes that the U.S. Supreme Court established in the case of *Connally v. General Construction Co.* that, "A law is unconstitutionally vague if it would be impossible for a reasonable person to determine what speech or conduct is or is not permissible and would force a reasonable person to guess at its meaning. See *Connally v. General Construction Co.*, 269 U.S. 385 (1926).

23.     Paragraph 23 of the Complaint states a legal conclusion for which no answer is required. To the extent that an answer is required, Defendant Mannal denies the allegations set forth in Paragraph 23 of the Complaint. Specifically, Defendant Mannal denies that M.G.L. c. 56 §42 is unconstitutional by virtue of the fact that the statute does not include language referencing the "actual malice" standard defined by the U.S. Supreme Court in the case of *New York Times v. Sullivan*, 376 U.S. 254, 280 (1964). Defendant Mannal submits that use of the word "knowingly" in the third paragraph of M.G.L. c. 56 §42 provides a clear indication that the statute applies exclusively to those circumstances where a person "knowingly" makes or publishes, or causes to be made or published, a false statement that is designed to tends to aid or to injure or defeat a political candidate, as opposed to those circumstances where a person ignorantly, accidentally, or negligently makes or publishes (or causes to be made or published) a false statement that is designed or tends to aid or to injure or defeat a political candidate.

24.     Paragraph 24 of the Complaint states a legal conclusion for which no answer is required. To the extent that an answer is required, Defendant Mannal denies the allegations set forth in Paragraph 24 of the Complaint. Specifically, Defendant Mannal denies that the adjudicatory processes and procedures of the Trial Court deny those who are accused of violating M.G.L. c. 56 §42 (or any other active and valid Massachusetts criminal statute) the basic procedural and substantive due process right guaranteed by the Fourteenth Amendment.

25.     Paragraph 25 of the Complaint states a legal conclusion for which no answer is required. To the extent that an answer is required, Defendant Mannal denies the

allegations set forth in Paragraph 25 of the Complaint.

26.     Paragraph 26 of the Complaint states a legal conclusion for which no answer is required. To the extent that an answer is required, Defendant Mannal denies the allegations set forth in Paragraph 26 of the Complaint. Specifically, Defendant Mannal denies that M.G.L. c. 56 §42 subjects those who violate the statute to both fines and criminal penalties. Defendant Mannal notes that the third paragraph of M.G.L. c. 56, §42 states, "Whoever knowingly violates any provision of this section shall be punished by a fine of not more than one thousand dollars _or_ by imprisonment for not more than six months." [_emphasis added_]   Defendant Mannal submits that the plain language of the statute indicates that the penalty for violating M.G.L. c. 56 §42 is either a fine or imprisonment, but not both.

## PLAINTIFFS' STATEMENTS REGARDING VENUE AND STANDING

27.     Paragraph 27 of the Complaint states a legal conclusion for which no answer is required.

28.     Paragraph 28 of the Complaint states a legal conclusion for which no answer is required. To the extent that an answer is required, Defendant Mannal denies the allegations set forth in Paragraph 28 of the Complaint. Specifically, Defendant Mannal denies that Plaintiff Jobs First has standing to bring this action under Article III, Section 2 of the United States Constitution in light of the fact that the Political Action Committee is not subject to an imminent threat involving an actual arrest, prosecution, or other enforcement action.

## PLAINTIFFS' COUNT I
### (M.G.L. c. 56 §42 is Facially Unconstitutional; 42 U.S.C. §1983)

29.     Defendant Mannal incorporates by reference his responses to Paragraphs 1-28 of the Complaint.

30.     Paragraph 30 of the Complaint states a legal conclusion for which no answer is required. To the extent that an answer is required, Defendant Mannal denies the

allegations of Paragraph 30 of the Complaint. Defendant Mannal contends that the U.S. Supreme Court case of *New York Times v. Sullivan* (376 U.S. 254, 280 (1964)) does not invalidate M.G.L. c. 56 §42 for want of "actual malice" language within said statute. Defendant Mannal further submits that the Court's holding in *New York Times v. Sullivan* establishes the legal principle that in order for a public official to recover damages for a defamatory falsehood relating to his official conduct said public official must be capable of showing actual malice in the publication of the defamatory statements. As detailed in the Counterclaim below, Brian Mannal is capable of showing that the false and defamatory statements made by Jobs First and Melissa Lucas were, in fact, made with actual malice.

31.     Paragraph 31 of the Complaint states a legal conclusion for which no answer is required. To the extent that an answer is required, Defendant Mannal denies the allegations set forth in Paragraph 31 of the Complaint. Specifically, Defendant Mannal denies that M.G.L. c. 56 §42 unconstitutionally relies on the intent of the speaker and implications of speech to ascertain its scope.

32.     Paragraph 32 of the Complaint states a legal conclusion for which no answer is required. To the extent that an answer is required, Defendant Mannal denies the allegations set forth in Paragraph 32 of the Complaint. Specifically, Defendant Mannal denies that M.G.L. c. 56 §42 burdens substantially more speech than is necessary to achieve a substantial and legitimate government interest. Defendant Mannal submits that M.G.L. c. 56, §42 does not burden any "protected speech", but rather prohibits the act of knowingly making false statements for the purpose of corrupting voters' opinion of candidates for public office.  Defendant Mannal further submits that M.G.L. c. 56 §42 serves the legitimate government interest of preventing voter manipulation via the intentional publication of false statements or information to aid or defeat a candidate for public office.

33.     Paragraph 33 of the Complaint states a legal conclusion for which no answer is required. To the extent that an answer is required, Defendant Mannal denies the allegations set forth in Paragraph 33 of the Complaint. Specifically, Defendant Mannal

denies the allegation that M.G.L. c. 56 §42 does not serve a significant government interest, and asserts that the statute serves the significant government interest of preventing voter manipulation and safeguarding the integrity of elections within the Commonwealth of Massachusetts by criminalizing the act of making or causing to be made any false statements that is designed or tends to aid or to injure or defeat a political candidate.

34.     Paragraph 34 of the Complaint states a legal conclusion for which no answer is required. To the extent that an answer is required, Defendant Mannal denies the allegations set forth in Paragraph 34 of the Complaint. Specifically, Defendant Mannal denies that M.G.L. c. 56 §42, on its face and as applied, abridges any free speech rights, as the First Amendment does not apply to knowingly making or causing to be made false statements. Defendant Mannal further submits that the statute is not facially unconstitutional, as it does not violate express constitutional prohibitions in every clause, sentence, and paragraph, and in whatever manner and against whomever an effort might be made to apply it.

35.     Paragraph 35 of the Complaint states a legal conclusion for which no answer is required. To the extent that an answer is required, Defendant Mannal denies the allegations set forth in Paragraph 35 of the Complaint. Specifically, Defendant Mannal denies that M.G.L. c. 56, §42 chills and deprives Jobs First and Melissa Lucas of their rights to free speech. Defendant Mannal further denies the Plaintiffs' claim that the existence and enforcement of M.G.L. c. 56 §42 is causing the Plaintiffs to suffer "irreparable harm" to their First Amendment rights.

**PLAINTIFFS' COUNT II**
**(M.G.L. c. 56 §42 is Unconstitutional, 42 U.S.C. §1983;**
**Free Speech – Viewpoint Discrimination)**

36.     Defendant Mannal incorporates by reference his responses to Paragraphs 1-35 of the Complaint.

37.     Paragraph 37 of the Complaint states a legal conclusion for which no answer is required. To the extent that an answer is required, Defendant Mannal denies the

allegations set forth in Paragraph 37 of the Complaint. Specifically, Defendant Mannal denies that M.G.L. c. 56, §42, as applied to citizens and organizations taking positions on political issues, unconstitutionally penalizes protected opinion as defined by the United States Supreme Court in the case of *Milkovich v. Lorain Journal Co.*, 497 U.S. 1, 20 (1990). Defendant Mannal further notes that the false and defamatory statements made by Jobs First and Melissa Lucas in the instant case (i.e., that Brian Mannal is "helping himself" and that "he wants to use our tax dollars to pay defense attorneys like himself to help convicted sex offenders") are not statements of opinion, but rather false statements of fact.

38.     Paragraph 38 of the Complaint states a legal conclusion for which no answer is required. To the extent that an answer is required, Defendant Mannal denies the allegations set forth in Paragraph 38 of the Complaint. Specifically, Defendant Mannal denies that M.G.L. c. 56 §42 is a content-based restriction on speech.

39.     Paragraph 39 of the Complaint states a legal conclusion for which no answer is required. To the extent that an answer is required, Defendant Mannal denies the allegations set forth in Paragraph 39 of the Complaint. Specifically, Defendant Mannal denies that M.G.L. c. 56, §42 does not serve a significant government interest. As previously stated, Defendant Mannal submits that M.G.L. c. 56 §42 serves the significant government interest of preventing voter manipulation and safeguards the integrity of elections within the Commonwealth of Massachusetts by criminalizing the act of making or causing to be made false statements that are designed or tend to aid or to injure or defeat a political candidate.

40.     Paragraph 40 of the Complaint states a legal conclusion for which no answer is required. To the extent that an answer is required, Defendant Mannal denies the allegations set forth in Paragraph 40 of the Complaint. Specifically, Defendant Mannal asserts that M.G.L. c. 56 §42, on its face and as applied, does not unconstitutionally abridge the Plaintiffs' right to free speech. As previously stated, the First Amendment of the United States Constitution does not apply to and/or provide protection for the act of knowingly making or causing to be made false statements of fact. Defendant Mannal

further submits that the statute is not facially unconstitutional, insofar as it does not, on its face and as applied, violate express constitutional prohibitions in every clause, sentence, and paragraph, and in whatever manner and against whomever an effort might be made to apply it.

41.     Paragraph 41 of the Complaint states a legal conclusion for which no answer is required. To the extent that an answer is required, Defendant Mannal denies the allegations set forth in Paragraph 41 of the Complaint. Specifically, Defendant Mannal denies that M.G.L. c. 56 §42 chills and deprives Jobs First and Melissa Lucas of their rights to free speech. Defendant Mannal further denies the Plaintiffs' claim that the existence and enforcement of M.G.L. c. 56 §42 is causing the Plaintiffs to suffer "irreparable harm" to their First Amendment rights.

### PLAINTIFFS' COUNT III
### (M.G.L. c. 56 §42 is Facially Unconstitutional; 42 U.S.C. §1983; Vagueness)

42.     Defendant Mannal incorporates by reference his responses to Paragraphs 1-41 of the Complaint.

43.     Paragraph 43 of the Complaint states a legal conclusion for which no answer is required. To the extent that an answer is required, Defendant Mannal denies the allegations set forth in Paragraph 43 of the Complaint. Specifically, Defendant Mannal denies that M.G.L. c. 56 §42 is unconstitutionally vague and overly broad in the speech that it seeks to regulate. Defendant Mannal submits that M.G.L. c. 56 §42 seeks only to regulate the act of knowingly making (or causing to be made) false statements that are specifically designed to manipulate voters into supporting and/or opposing a political candidate. Defendant Mannal submits that the statute does not seek to regulate the content of speech, nor does it unduly burden those who wish to engage in political speech. Defendant Mannal asserts that M.G.L. c. 56 §42 is narrowly tailored to prohibit the act of knowingly making (or causing to be made) false statements that are specifically designed to manipulate voters into supporting and/or opposing a political candidate.

44.     Paragraph 44 of the Complaint states a legal conclusion for which no answer is

required. To the extent that an answer is required, Defendant Mannal denies the allegations set forth in Paragraph 44 of the Complaint. As stated previously, M.G.L. c. 56 §42 serves the significant government interest of preventing voter manipulation and safeguards the integrity of elections within the Commonwealth of Massachusetts by criminalizing the act of knowingly making or causing to be made any false statements that is designed or tends to aid or to injure or defeat a political candidate.

45.     Paragraph 45 of the Complaint states a legal conclusion for which no answer is required. To the extent that an answer is required, Defendant Mannal denies the allegations set forth in Paragraph 45 of the Complaint. Defendant Mannal submits that the words "designed" and "tends" are not ambiguous terms, but rather provide additional guidance for the application of the statute. As previously stated, Defendant Mannal contends that the inclusion of the word "knowingly" in the third paragraph of M.G.L. c. 56 §42 provides a clear indication that the statute is meant to apply exclusively to those circumstances where a person "knowingly" makes or publishes, or causes to be made or published, a false statement that is designed to tends to aid or to injure or defeat a political candidate, as opposed to those circumstances where false statements are made ignorantly, accidentally, or negligently.

46.     Paragraph 46 of the Complaint states a legal conclusion for which no answer is required. To the extent that an answer is required, Defendant Mannal denies the allegations set forth in Paragraph 46 of the Complaint. Defendant Mannal submits that M.G.L. c. 56 §42 speaks for itself. Defendant Mannal further submits that the constitutionality of the statute does not hinge upon the establishment of "standards for the police that are sufficient to guard against arbitrary and discriminatory suppression of First Amendment rights and/or liberty interests."

47.     Paragraph 47 of the Complaint states a legal conclusion for which no answer is required. To the extent that an answer is required, Defendant Mannal denies the allegations set forth in Paragraph 47 of the Complaint. Specifically, Defendant Mannal denies that M.G.L. c. 56 §42, on its face and as applied, abridges any free speech rights, as the First Amendment does not protect the act of knowingly making (or causing to be

made) false statements designed to injure or defeat a candidate for public office.

48.     Paragraph 48 of the Complaint states a legal conclusion for which no answer is required. To the extent that an answer is required, Defendant Mannal denies the allegations set forth in Paragraph 48 of the Complaint. Specifically, Defendant Mannal denies that M.G.L. c. 56 §42 chills and deprives Jobs First and Melissa Lucas of their rights to free speech. Defendant Mannal further denies the Plaintiffs' claim that the existence and enforcement of M.G.L. c. 56 §42 is causing the Plaintiffs to suffer "irreparable harm" to their First Amendment rights.

### PLAINTIFFS' COUNT IV
**(The Processes and Procedures of the Falmouth and Barnstable District Courts Result in a Violation of Substantive and Procedural Due Process Rights)**

49.     Defendant Mannal incorporates by reference his responses to Paragraphs 1-48 of the Complaint.

50.     Paragraph 50 of the Complaint states a legal conclusion for which no answer is required. To the extent that an answer is required, Defendant Mannal denies the allegations set forth in Paragraph 50 of the Complaint. Specifically, Defendant Mannal denies the Plaintiffs' claim that, "From the moment of the initial application for a criminal complaint being filed with the Barnstable District Court, any person simply accused of violation of Section 42 are subject to an arbitrary and capricious procedure and process sufficient to constitute a denial of substantive and procedural due process." Defendant Mannal further denies the Plaintiffs' claim that, "Such procedures and process allow for broad and unlimited intrusion into the associational rights of political organizations, as well as the inherent harassment attendant with defending one's speech." Defendant Mannal submits that, to the best of his knowledge and understanding, the processes and procedures governing the Barnstable District Court are the same as those that govern all other District Courts of the Trial Court in the Commonwealth of Massachusetts. Defendant Mannal further submits that the processes and procedures involved with reviewing an application for a criminal complaint (whether said application is filed in relation to M.G.L. c. 56 §42 or any other criminal statute) are well-established

and do not violate any substantive or procedural due process rights of any persons named in such an application. Additionally, Defendant Mannal contends that a political action committee accused of violating M.G.L. c. 56 §42 is not subjected to an intrusion into the associational rights of said organization. In fact, an organization so accused is not subjected to any court action whatsoever, with the exception of being summons to appear before a clerk magistrate for a show cause hearing on the merits of the application.

51.     Paragraph 51 of the Complaint provides a hypothetical scenario and states a legal conclusion for which no answer is required. To the extent that an answer is required, Defendant Mannal denies the allegations set forth in Paragraph 51 of the Complaint. Specifically, Defendant Mannal denies the Plaintiffs' claim that, "Defendants will and have conducted probable cause hearings on a complaint alleging violations of the M.G.L. c. 56, §42, yet have failed to provide timely notice of a prompt and expeditious hearing." Defendant Mannal submits that in the instant case, the accused (i.e., Melissa Lucas) was afforded notice to attend a show cause hearing on said application. What's more, Defendant Mannal notes that but for Melissa Lucas' efforts to continue, delay and dismiss the matter, the show cause hearing on Brian Mannal's application for a criminal complaint would have occurred within one month of the date that the application was filed. Accordingly, Defendant Mannal contends that the Plaintiffs claims that they have not been provided "timely notice of a prompt and expeditious hearing" are wholly without merit.

52.     Paragraph 52 of the Complaint states a legal conclusion for which no answer is required. To the extent that an answer is required, Defendant Mannal denies the allegations set forth in Paragraph 52 of the Complaint. Specifically, Defendant Mannal denies that the processes of the Barnstable District Court and/or Falmouth District Court have (or will) temper the exercise of Jobs First and Melissa Lucas' free speech. Likewise, Defendant Mannal denies that the processes and procedures of the aforementioned District Courts have trivialized the constitutional rights of the Plaintiffs as a result of the filing of an application for a criminal complaint for violation of M.G.L. c. 56 §42.

53.     Paragraph 53 of the Complaint states a legal conclusion for which no answer is

required. To the extent that an answer is required, Defendant Mannal denies the allegations set forth in Paragraph 53 of the Complaint. Specifically, Defendant Mannal denies that the processes of the Barnstable District Court and/or Falmouth District Court have (or will) temper the exercise of Jobs First and Melissa Lucas' free speech.

**PLAINTIFFS' COUNT V**
**(Pendant Claims: Abuse of Process by Defendant Mannal)**

54.     Defendant Mannal incorporates by reference his responses to Paragraphs 1-53 of the Complaint.

55.     The allegations set forth in Paragraph 55 of the Complaint are denied. Defendant Mannal submits that his filing of an application for a criminal complaint was/is based on the valid exercise of his rights under M.G.L. c. 56 §42.

56.     The allegations set forth in Paragraph 56 of the Complaint are denied. Defendant Mannal submits that Melissa Lucas' name and title as Treasurer of the Jobs First IE PAC were printed on the electioneering communication that gave rise to Mr. Mannal's application for a criminal complaint. What's more, Defendant Mannal notes that information and records filed with the Massachusetts Office of Campaign and Political Finance confirm that Melissa Lucas is the Chairman and Treasurer of the Jobs First IE PAC, and that she is responsible for authorizing the expenditure of the PAC funds. Accordingly, Defendant Mannal contends that there was/is ample evidence to support Mr. Mannal's claim that Melissa Lucas was/is responsible for the distribution of the PAC funds, and that the act of distributing the PAC funds directly caused the creation and distribution of false and defamatory statements about Brian Mannal to thousands of people who live in Barnstable, Massachusetts and Yarmouth, Massachusetts.

57.     The allegations set forth in Paragraph 57 of the Complaint are denied.

58.     The allegations set forth in Paragraph 58 of the Complaint are denied. As previously stated, Defendant Mannal submits that his filing of an application for a criminal complaint was/is based on the valid exercise of his rights under M.G.L. c. 56 §42.

59.     The allegations set forth in Paragraph 59 of the Complaint are denied.

60.     The allegations set forth in Paragraph 60 of the Complaint are denied.

## PLAINTIFFS' PRAYER FOR RELIEF

No response is required, but the relief requested by the Plaintiffs' first through eighth prayer for relief should be denied.

## DEFENDANT'S AFFIRMATIVE DEFENSES

Defendant Brian Mannal, for his affirmative defenses, states as follows:

1.      The Complaint fails to state any claims upon which relief can be granted.

2.      Plaintiff Jobs First Independent Expenditure Political Action Committee does not have standing to bring a claim against Defendants by virtue of the fact that the Political Action Committee is not subject to an imminent threat involving an actual arrest, prosecution, or other enforcement action.

3.      Plaintiffs' claims fail, in whole or in part, because Defendant Brian Mannal acted in good faith with respect to the conduct at issue. That is, the Plaintiffs' claims are barred because Brian Mannal filed an application for a criminal complaint in good faith and was lawfully entitled to exercise his rights under M.G.L. c. 56 §42.

4.      Plaintiffs' claims fail, in whole or in part, because the Plaintiffs have suffered no damages or actual losses.

5.      Plaintiffs' claims are barred by the doctrine of unclean hands.

6.      Plaintiffs are not entitled to injunctive or other equitable relief.

7.      Plaintiffs are not entitled to recover attorneys' fees.

8.      Defendant Mannal reserves and asserts all affirmative defenses available under any applicable law. Defendant Mannal presently has insufficient knowledge or information upon which to form a belief as to whether he may have other, as yet unstated, defenses available. Accordingly, Defendant Mannal reserves the right to supplement this

Answer and assert additional affirmative defenses or other defenses at such time and to such extent as warranted by discovery and the factual development of this case.

## COUNTERCLAIM OF BRIAN MANNAL AND SARA MANNAL

### INTRODUCTION

This Counterclaim arises out of the publication of false and defamatory statements about Brian Mannal that were made maliciously and intentionally by Melissa Lucas, Andrew Goodrich and the Jobs First Independent Expenditure Political Action Committee in October 2014.

### PARTIES

1.      Plaintiff-in-counterclaim Brian Mannal ("Brian Mannal") is a natural person residing at 606 Old Strawberry Hill Road, Centerville, Massachusetts 02632. Brian Mannal was a resident of Barnstable, Massachusetts, during all relevant times of this action. Brian Mannal is married to Sara Mannal, and is the biological father of Benjamin Mannal and Emma Mannal. Brian Mannal is the state representative for the 2nd Barnstable District in the Massachusetts House of Representatives. Brian Mannal is also a general practice attorney with a law office located at 297 North Street, Suite 230, One Financial Place, Building 2, 3rd Floor, Hyannis, Massachusetts 02601.

2.      Plaintiff-in-counterclaim Sara Mannal ("Sara Mannal") is a natural person residing at 606 Old Strawberry Hill Road, Centerville, Massachusetts 02632. Sara Mannal was a resident of Barnstable, Massachusetts, during all relevant times of this action. Sara Mannal is married to Brian Mannal, and is the biological mother of Benjamin Mannal and Emma Mannal.

3.      Defendant-in-counterclaim Jobs First Independent Expenditure Political Action Committee ("Jobs First") is a Political Action Committee organized and based in the Commonwealth of Massachusetts.

4.      Defendant-in-counterclaim Melissa Lucas ("Lucas") is a natural person residing in Massachusetts. Upon information and belief, Lucas resides at 22 Slayton Road,

Melrose, Massachusetts. Lucas is the Chairman and Treasurer of Jobs First.

5.      Defendant-in-counterclaim Andrew Goodrich ("Goodrich") is a natural person residing in Massachusetts. Upon information and belief, Goodrich resides at 34 Park Avenue, Scituate, Massachusetts 02066. Goodrich is the Executive Director and spokesman for the Jobs First Independent Expenditure Political Action Committee.

6.      Defendants-in-counterclaim John Does No. 1-5 are persons and/or entities unknown to the Plaintiff-in-counterclaim at the present moment in time. Upon information and belief, Defendants-in-counterclaim Melissa Lucas and Andrew Goodrich, through a series of a business transactions and dealings, involved other individuals, donors, companies, trusts and corporations in the business of operating and directing the activities of the Jobs First Independent Expenditure Political Action Committee. Plaintiff-in-counterclaim Mannal intends to amend this Counterclaim if and when the identities of the aforementioned unknown parties are confirmed, and the extent of their involvement and participation in the PAC activities is known. For the purposes of this Counterclaim, however, said unknown individuals, donors, companies, trusts, and corporations shall simply be referred to as John Does No. 1-5.

## **FACTUAL ALLEGATIONS**

7.      Brian Mannal is a general practice attorney on Cape Cod, Massachusetts.

8.      Prior to being elected to public office, Brian Mannal handled a wide variety of cases and controversies and was certified by the Barnstable Bar Advocates to accept the appointment of indigent criminal defendants in Barnstable District Court.

9.      In Massachusetts, attorneys must be certified by the Committee for Public Counsel Services (CPCS) to accept the appointment of indigent criminal defendants before the Sex Offender Registration Board (SORB).

10.     Brian Mannal has never been certified by CPCS to accept the appointment of indigent criminal defendants who appear before the SORB. In fact, attorney Mannal has never handled a sex offender case before the SORB.

11.    In November 2012, Brian Mannal was elected to the position of state representative of the 2nd Barnstable District in the Massachusetts House of Representatives.

12.    After being sworn-in as state representative, Brian Mannal filed a financial interest disclosure with the state Ethics Commission. Said disclosure referenced his work as a private practice attorney and bar advocate.

13.    On February 26, 2013, the Boston Herald published an article related to legislation filed by Brian Mannal. Said article concerned a bill that would provide indigent sex offenders with notice of their right to public counsel if and when they appear before the SORB. The headline (or title) of said article was "Pol aiding sex con got defense cash".

14.    Paragraph 3 of the above-referenced Boston Herald newspaper article stated:

> CPCS general counsel Lisa Hewitt said Mannal has not represented indigent clients at sex offender hearings. The state's conflict-of-interest law allows state employees, including legislators, to work for CPCS as long as they file financial interest disclosure forms with the state Ethics Commission.

15.    Brian Mannal has not been assigned a "duty day" as a bar advocate since late 2013. In late December 2013, Brian Mannal stopped accepting appointments as a bar advocate in the Barnstable District Court. Brian Mannal continued to represent several indigent criminal defendants clients in early 2014.

16.    In January 2014, Brian Mannal announced his intention to seek re-election for a second term as state representative of the 2nd Barnstable District.

17.    In June 2014, Melissa Lucas established the Jobs First Independent Expenditure Political Action Committee by filing a Form CPF 101 IEPC: Statement of Organization with the Massachusetts Office of Campaign and Political Finance. On said Statement of Organization, Lucas listed herself as Chairman and Treasurer of PAC and signed the document (twice) under the penalties of perjury.

18.    Upon information and belief, shortly after the establishment of the Jobs First IE PAC, Andrew Goodrich was named as the Executive Director of the Political Action Committee.

19.    In September 2014, Brian Mannal won the Democratic Primary election for state representative of the 2nd Barnstable District and, thereby, became the Democratic nominee for said position on the November 2014 general election ballot.

20.    Upon information and belief, in September 2014, Melissa Lucas, Andrew Goodrich and John Does No. 1-5, worked to create and/or design two electioneering communications (i.e., mass mailers) intended to defame Brian Mannal and/or to injure his candidacy for re-election.

21.    Upon information and belief, on or about October 4, 2014, the first of two Jobs First electioneering communications (i.e., mass mailers) intended to defame Brian Mannal and injure his candidacy for re-election was produced and distributed to thousands of voters in the 2nd Barnstable District. Said electioneering communication was made or caused to be made by Melissa Lucas in her capacity as Treasurer of the Jobs First IE PAC and contained the following false and defamatory statement:

> [Brian Mannal] introduced legislation to give lawyers like himself even more of our tax dollars to help convicted sex offenders clear their names from the sex offender registry.

22.    Upon information and belief, on or about October 16, 2014, the second of two Jobs First electioneering communications (i.e., mass mailers) intended to defame Brian Mannal and injure his candidacy for re-election was produced and distributed to thousands of voters in the 2nd Barnstable District. Said electioneering communication was made or caused to be made by Melissa Lucas in her capacity as Treasurer of the Jobs First IE PAC and contained the following false and defamatory statements:

i.    Brian Mannal chose convicted felons over the safety of our families
ii.    [Brian Mannal is] Helping Convicted Sex Offenders

iii. [Brian Mannal is] Helping Himself

iv. [Brian Mannal] wants to use our tax dollars to pay defense lawyers like himself to help convicted sex offenders

v. Brian Mannal is putting criminals and his own interest above our families

23.    In addition to the above-referenced false and defamatory statements, the Jobs First electioneering communication contained the mock-up image of the aforementioned Boston Herald headline (i.e., Pol aiding sex cons got defense cash). Said headline was strategically placed within the aforementioned false statements for the purpose of misleading voters and/or to convince recipients of the electioneering communication that the statements contained therein were factually accurate and supported by said article.

24.    By including the aforementioned Boston Herald headline in the electioneering communication, the Defendants-in-counterclaim demonstrated actual knowledge of the fact that Brian Mannal was not, in fact, "helping himself" by filing legislation to provide indigent defendants with notice of their right to public counsel before the Sex Offender Registry Board, as the same article contained the information that Brian Mannal has never handled a sex offender case and that the state's conflict-of-interest law allow state employees, including legislators, to work for CPCS as long as they file financial interest disclosure forms with the state Ethics Commission.

25.    Immediately upon publication and distribution of the above-referenced libelous electioneering communications, Brian Mannal and his family, including his wife, Sara Mannal, and their children, were caused serious emotional distress and suffered mental pain and anguish.

26.    As a result of the publication of the above-referenced libelous statements and/or distribution of the Jobs First electioneering communications, Brian Mannal and Sara Mannal were forced to seek counseling, as well as medical treatment for anxiety and depression. Additionally, Brian and Sara Mannal were unable to sleep at night and experienced social anxiety.

27.    As a result of the publication of the above-referenced libelous statements and/or

distribution of the Jobs First electioneering communications, Brian Mannal and Sara Mannal suffered humiliation and embarrassment.

28.    As a result of the publication of the above-referenced libelous statements and/or distribution of the Jobs First electioneering communications, Brian Mannal received calls and voicemails at his State House office from angry and disturbed constituents and individuals who pledged to vote against him and expressed their disgust and contempt with him for filing legislation that he stood to benefit from.

29.    As a result of the publication of the above-referenced libelous statements and/or distribution of the Jobs First electioneering communications, Brian Mannal was informed by one of his legal client that he would no longer enlist Mannal's legal services because he did not want to be represented by someone who handles sex offender cases.

30.    As a result of the publication of the above-referenced libelous statements and/or distribution of the Jobs First electioneering communications, Brian Mannal was forced to spend his limited campaign funds (i.e., approximately four thousand dollars) to publish and distribute a last-minute mass mailer to voters in the 2nd Barnstable District that clarified the fact the legislation he filed was not intended to "help sex offenders" and that he has never handled a sex offender case as an attorney.

31.    As a result of the publication of the above-referenced libelous statements and/or distribution of the Jobs First electioneering communications, Brian Mannal's reputation in the community, character, and business were damaged and suffered irreparable harm.

32.    On October 21, 2014, Brian Mannal filed an application for a criminal complaint against Melissa Lucas for violation of M.G.L. c. 56 §42 in Barnstable District Court.

33.    On the same day, in an effort to clear his good name and mitigate the damage inflicted by Melissa Lucas, Andrew Goodrich, and the Jobs First IE PAC, Brian Mannal convened a press conference at the Barnstable District Court to communicate the fact that he had filed an application for a criminal complaint against Melissa Lucas. Said press conference was attended by Sara Mannal, Brian and Sara Mannal's children, Brian

Mannal's parents, Brian Mannal's Legislative Aide, a Mannal family friend, and soon-to-be-retired state representative Cleon Turner. During said press conference, Brian Mannal struggled to maintain his composure and noted his heartfelt belief that irreparable damage had been done to his reputation in the community, candidacy for re-election, and private law practice as a result of the publication of the false and defamatory statements.

34.     Following the filing of Brian Mannal's application for a criminal complaint, the "speech" of the Defendants-in-counterclaim was not chilled. In fact, Andrew Goodrich stated to the media that, "Brian Mannal needs to stop filing frivolous lawsuits..." Said comment further injured Brian Mannal's reputation, insofar as it suggested that his application for a criminal complaint was meritless and/or filed in bad faith.

35.     On November 4, 2014, Brian Mannal was narrowly re-elected to the position of state representative for the 2nd Barnstable District. Representative Mannal defeated his opponent by a margin of 205 votes. Upon information and belief, Brian Mannal's victory was the closest contested race for the office of state representative in the history of the 2nd Barnstable District.

## COUNT I
## DEFAMATION OF BRIAN MANNAL

36.     Plaintiff-in-counterclaim Brian Mannal repeats, re-alleges and incorporates by reference the allegations in Paragraphs 1 through 35 above with the same force and effect as if herein set forth.

37.     Defendants-in-counterclaim (i.e., Jobs First, Melissa Lucas, Andrew Goodrich, and John Does No. 1-5) published false and defamatory statements about Brian Mannal that were intended to defame Brian Mannal's character, honesty, integrity, virtue, and reputation in Barnstable, Massachusetts and Yarmouth, Massachusetts.

38.     The false and defamatory statements were, including, but not limited to, the following:

    i.   [Brian Mannal] introduced legislation to give lawyers like himself even more

of our tax dollars to help convicted sex offenders clear their names from the
sex offender registry.

ii. Brian Mannal chose convicted felons over the safety of our families

iii. [Brian Mannal is] Helping Convicted Sex Offenders

iv. [Brian Mannal is] Helping Himself

v. [Brian Mannal] wants to use our tax dollars to pay defense lawyers like
himself to help convicted sex offenders

vi. Brian Mannal is putting criminals and his own interest above our families.

39.    Defendants-in-counterclaim made the above-referenced false and defamatory
statements in electioneering communications that were mailed and/or distributed to
thousands of voters in the 2nd Barnstable District in October 2014.

40.    Defendants-in-counterclaim made false statement "i." (above) in an electioneering
communication (i.e., mass mailer) that was distributed to thousands of voters in the 2nd
Barnstable District on or about October 4, 2014.

41.    Defendants-in-counterclaim made false statements "ii.-vi." (above) in a separate
electioneering communication that was distributed to thousands of voters in the 2nd
Barnstable District on or about October 16, 2014.

42.    Defendants-in-counterclaim made, produced, and distributed (or caused to be
made, produced, and distributed) the aforementioned false and defamatory statements
knowingly and willingly for the purpose of defaming Brian Mannal and injuring his
candidacy for re-election.

43.    Defendants-in-counterclaim published the false and disparaging statement with
the knowledge that the statements were false, or with reckless disregard as to the falsity
of the statements.

44.    Defendants-in-counterclaim published the false and disparaging statements about
Brian Mannal, causing Brian Mannal and his wife, Sara Mannal, to suffer immediate,
significant harm and special and general damages, including the monetary loss of at least

one legal client, the expenditure of limited campaign funds, and long-lasting injury to Brian Mannal's reputation.

## COUNT II
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

45.     Plaintiff-in-counterclaim Brian Mannal repeats, re-alleges and incorporates by reference the allegations in Paragraphs 1 through 44 above with the same force and effect as if herein set forth.

46.     Defendants-in-counterclaim intentionally and deliberately inflicted emotional distress on Brian Mannal by defaming him to many people, including but not limited to thousands of voters in Barnstable, Massachusetts and Yarmouth, Massachusetts.

47.     As a result of the extreme and outrageous conduct of the Defendants-in-counterclaim, Brian Mannal was, is, and, with a high degree of likelihood, will continue to be emotionally distressed due to their defamation of him.

48.     As a result of the extreme and outrageous conduct of the Defendants-in-counterclaim, Sara Mannal was, is, and, with a high degree of likelihood, will continue to be emotionally distressed due to their defamation of her husband.

49.     As a result of the extreme and outrageous conduct of the Defendants-in-counterclaim, Brian Mannal and Sara Mannal have suffered and will continue to suffer mental pain and anguish, severe emotional trauma, embarrassment and humiliation.

## PRAYER FOR RELIEF

THEREFORE, Plaintiffs-in-counterclaim Brian Mannal and Sara Mannal respectfully request that this Court:

A.      Preliminarily and permanently enjoin Defendants from publishing further defamatory statements about Brian Mannal;

B.      Provide Plaintiffs-in-counterclaim with equitable relief in the form of

requiring the Defendants-in-counterclaim to produce and distribute a letter to every registered voter in the 2nd Barnstable District that details their wrongdoing, clarifies the fact that Brian Mannal has never handled a sex offender case and never stood benefit from legislation that he filed;

C.    Provide Plaintiffs-in-counterclaim with equitable relief in the form of permanently dissolving the Jobs First IE PAC and barring Melissa Lucas, Andrew Goodrich, and John Does No. 1-5 from working for any political action committee in any capacity whatsoever for a period five years; and

D.    Enter judgment against Defendants-in-counterclaim on both counts of the Counterclaim;

E.    Award Plaintiffs-in-counterclaim damages in an amount to be determined at trial;

F.    Award Plaintiffs-in-counterclaim enhanced damages as permitted by law, plus reasonable attorney fees and the costs of this action;

G.    Grant such other relief as the Court deems just and proper.

### JURY DEMAND

Plaintiffs-in-counterclaim Brian Mannal and Sara Mannal hereby demand a jury trial on all triable issues.

Date: January 5, 2015                    Respectfully Submitted,


Brian R. Mannal, Esq.
BBO # 672667
297 North Street, Suite 230
Hyannis, Massachusetts 02601
Telephone: (508) 775-1177
Email: brianmannal@gmail.com

## VERIFICATION

I, Sara Mannal, Plaintiff-in-counterclaim, declare that I have read this Complaint and know its contents. The contents are true to my knowledge except as to those matters that are alleged on information and belief; as to those matters, I believe them to be true.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on this 5th day of January 2015 in Barnstable County, Massachusetts.

_____
Sara Mannal

## CERTIFICATE OF SERVICE

I, Brian Mannal, attorney for Plaintiffs-in-counterclaim, certify that I served the foregoing document on Martha Coakley, Attorney General of the Commonwealth of Massachusetts, as well as Peter Horstmann, counsel of record for Melissa Lucas and the Jobs First Independent Expenditure Political Action Committee, by first class mail on this 5th day of January, 2015.

_____
Brian R. Mannal, Esq.



OUT - OF - TOUCH

State Representative **BRIAN MANNAL'S** flaws

# ARE TOO BIG TO OVERLOOK.

✗ Introduced legislation to give lawyers like himself even more of our **tax dollars to help convicted sex offenders** clear their names from the sex offender registry.[1]

✗ Approved **$9 million to re-decorate the Governor's Office**.[2]

✗ Voted for a higher **6.25% sales tax rate** instead of 5%.[3]

✗ **Allegedly threatened his opponent and family at their home—** saying he'd make his "life miserable... he's pretty good at doing that."[4]

On Nov. 4th, don't vote for a flawed State Rep.

# VOTE AGAINST BRIAN MANNAL.

H1491
H9903
H3400_RC_#71
WYON #41

U.S. Postage
PAID
Issue Mail

0045

07 Boylston Street
Suite 2011LL
oston, MA 02116

SOMETIMES **FLAWS** ARE JUST TOO BIG TO OVERLOOK.

THE SAME THING IS TRUE FOR

**FLAWED STATE REP. BRIAN MANNAL.**

Paid for by Jobs First Independent Expenditure PAC, Melissa Lucas, Treasurer.

Brian Mannal chose convicted felons over the safety of our families.

# Is this the kind of person we want representing us?

## Helping Convicted Sex Offenders

### Mannal's bill will:

✖ Eliminate the requirement that certain sex offenders wear GPS tracking devices [1]

✖ Use our tax dollars to pay lawyers to help clear their names from the sex offender registry. [1]



## Helping Himself:

Lawyer Brian Mannal has earned nearly **$140,000 of our tax dollars** to represent criminals. Now, he wants to use our tax dollars to pay defense lawyers like himself to help convicted sex offenders. [2]



# BOSTON HERALD

## "Pol Aiding Sex Cons Gets Defense Cash."

*Boston Herald, Tuesday, February 26, 2013*

BRIAN MANNAL IS PUTTING CRIMINALS AND
HIS OWN INTEREST ABOVE OUR FAMILIES.

# VOTE AGAINST BRIAN MANNAL

Jobs First IE PAC
607 Boylston Street
Suite 201LL
Boston, MA 02116

PRSRT. STD.
U.S. POSTAGE
PAID
ISSUE MAIL



# Unbelievable ənbə ˈlē-və-bəl

*adjective*
**1** Difficult or impossible to believe.

SEE ALSO : Brian Mannal

State Representative Brian Mannal introduced legislation that weakens penalties against convicted sex offenders and uses taxpayer dollars to help them purge their names from sexual offender databases…

CAPE LEGISLATOR UNDER ATTACK FOR SEX OFFENDER BILLS
"…would eliminate the requirement that certain sex offenders released on parole or on probation wear a global positioning device."   *CapeCodOnline, 2/27/13*

# Why does Brian Mannal want to
# PUT OUR FAMILIES AT RISK?

Paid for by Jobs First Independent Expenditure PAC, Melissa Lucas, Treasurer.