UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUETS

| | |
|---|---|
| JOBS FIRST INDEPENDANT EXPENDITURE POLITICAL ACTION COMMITTEE and MELISSA LUCAS,<br>           Plaintiffs,<br>v.<br><br>MARTHA COAKLEY, Attorney General for the Commonwealth Of Massachusetts and BRIAN MANNAL,<br>           Defendants. | DOCKET NO.: 14-14338NMG |

**PLAINTIFFS' JOINT OPPOSITION TO DEFENDANT MANNAL'S SECOND MOTION TO DISMISS AND MOTION FOR ATTORNEY'S FEES AND COSTS**

NOW COME the Plaintiffs, through counsel, and hereby oppose Defendant Brian Mannal's Second Motion to Dismiss alleging that the Plaintiff's Complaint violates the Massachusetts Anti-SLAPP statute, M.G.L. c. 231, § 59H.  Plaintiffs hereby oppose said motion on the basis that it violates Fed.R.Civ.Pro., Rule 12(g)(2).  Plaintiffs also oppose Mannal's separately filed motion for attorney's fees and costs for the same reasons set forth herein.  In support thereof, counsel states the following:

## I.   FACTS

Defendant Brian Mannal filed a motion to dismiss pursuant to Rule 12(b)(1) on December 15, 2014, (Doc. 11).  This motion was heard by the Court on December 17, 2014 and denied by the Court in its Opinion dated December 17, 2014.  (Doc. 18, p. 19).

## II.  ARGUMENT

**A.   MANNAL IS PROHIBITTED FROM FILING A SECOND MOTION TO DISMISS**

Pursuant to Fed.R.Civ.Pro., Rule 12(g)(2), all defendants are limited to a single motion to

dismiss which includes all defenses that could have been raised in a single motion. Specifically, Rule 12(g)(2) states that:

> ***Limitation on Further Motions.*** Except as provided in Rule 12(h)(2) or (3), a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion.

*Pruco Life Ins. Co.v. Wilmington Trust Co.,* 616 F.Supp2d 210, 214-16 (D.R.I. 2009)("in law, as in life, do-overs are a rare commodity, and Rule 12 does not provide one here").

Here, Mannal filed a motion to dismiss under Rule 12(b)(1) on December 15, 2014, on grounds that the *Younger* doctrine required dismissal of the instant complaint. (Doc. 11). This motion was heard and denied on December 17, 2014. (Doc. 18, p.19). There is no reason set forth in Mannal's second motion to dismiss for his failure to include his anti-Slapp defense in his first motion. In fact, there is no reason this second defense could not have been brought in his first motion. Accordingly, the Court should not permit him to litigate a second motion.

**B.   REQUEST FOR ADDITIONAL TIME TO OPPOSE SECOND MOTION TO DISMISS ON THE MERITS.[1]**

It is respectfully submitted that the Plaintiffs have raised the foregoing procedural opposition in good faith as a complete bar to Mannal's second motion to dismiss. Should the Court determine that Mannal is entitled to litigate a second motion to dismiss, the Court is respectfully urged to afford the Plaintiffs seven (7) days to address the substantive merits of the Mannal's second motion to dismiss.

---

[1] It should also be noted that the instant case is on appeal from this Court's denial of the Plaintiffs requested interlocutory relief. Any decision by the Court of Appeals could have a significant effect on the claims and defenses remaining in this Court. Therefore, full briefing on the merits of an anti-SLAPP defense would appear to be premature, potentially needless and time consuming for all parties and the Court.

### III.   CONCLUSION

Based upon the foregoing arguments and authorities, this Court is respectfully urged to deny Mannal's second motion to dismiss any his motion for attorney's fees and costs.

Respectfully submitted,

Peter Charles Horstmann, Esquire
BBO #556377
Law Offices of Peter Charles Horstmann
450 Lexington Street, Suite 101
Newton, MA 02466
(617) 723-1980
*pete@horstmannlaw.com*

### CERTIFICATE OF SERVICE

I, Peter Charles Horstmann, Esquire, hereby certify that on this 26th day of January, 2015 a copy of the foregoing was served electronically, upon Amy Spector, Assistant Attorney General, 1 Ashburton Place, Boston, MA and Brian Mannal, Esquire, 297 North Street, No. 230 Hyannis, MA.

_____
Peter Charles Horstmann, Esquire