UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUETS

| | |
|---|---|
| JOBS FIRST INDEPENDANT EXPENDITURE POLITICAL ACTION COMMITTEE and MELISSA LUCAS,<br>　　　　　　　　Plaintiffs,<br><br>v.<br><br>MARTHA COAKLEY, Attorney General for the Commonwealth Of Massachusetts and BRIAN MANNAL,<br>　　　　　　　　Defendants. | DOCKET NO.: 14-14338NMG |

# PLAINTIFFS' JOINT ANSWER TO DEFENDANT MANNAL'S COUNTERCLAIM

NOW COME the Plaintiffs, through counsel, and hereby answer the Counterclaim of Defendant Brain Mannal, as follows:

## PARTIES

1. The Plaintiffs are without sufficient knowledge to admit or deny the allegations contained in Paragraph 1 of the Defendant's Counterclaim.

2. The Plaintiffs are without sufficient knowledge to admit or deny the allegations contained in Paragraph 2 of the Defendant's Counterclaim.

3. The Plaintiffs admit the allegations contained in Paragraph 3 of the Defendant's Counterclaim.

4. The Plaintiffs admit the allegations contained in Paragraph 4 of the Defendant's Counterclaim.

5. The Plaintiffs admit the allegations contained in Paragraph 5 of the Defendant's Counterclaim.

6. The Plaintiffs are without sufficient knowledge to admit or deny the allegations contained in Paragraph 6 of the Defendant's Counterclaim.

## FACTUAL ALLEGATIONS

7. The Plaintiffs admit so much of the allegations contained in Paragraph 7 of the Defendant's Counterclaim that allege that Mannal is an attorney and practices criminal defense. The Plaintiffs are without sufficient knowledge to admit or deny the purportedly general nature of his practice.

8. The Plaintiffs admit so much of the allegations contained in Paragraph 8 that allege that Mannal practices criminal defense and accepts appointed criminal cases. The Plaintiffs are without sufficient knowledge to admit or deny the remainder of paragraph 8.

9. The Plaintiffs are without sufficient knowledge to admit or deny the allegations contained in Paragraph 9 of the Defendant's Counterclaim.

10. The Plaintiffs are without sufficient knowledge to admit or deny the allegations contained in Paragraph 10 of the Defendant's Counterclaim.

11. The Plaintiffs admit the allegations contained in Paragraph 11 of the Defendant's Counterclaim.

12. The Plaintiffs are without sufficient knowledge to admit or deny the allegations contained in Paragraph 12 of the Defendant's Counterclaim.

13. The Plaintiffs admit the allegations contained in Paragraph 13 of the Defendant's Counterclaim.

14. The Plaintiffs are without sufficient knowledge to admit or deny the allegations contained in Paragraph 14 of the Defendant's Counterclaim.

15. The Plaintiffs are without sufficient knowledge to admit or deny the allegations contained in Paragraph 15 of the Defendant's Counterclaim.

16. The Plaintiffs are without sufficient knowledge to admit or deny the allegations contained in Paragraph 16 of the Defendant's Counterclaim.

17. The Plaintiffs admit the allegations contained in Paragraph 17 of the Defendant's Counterclaim.

18. The Plaintiffs are without sufficient knowledge to admit or deny the allegations contained in Paragraph 18 of the Defendant's Counterclaim.

19. The Plaintiffs admit the allegations contained in Paragraph 19 of the Defendant's Counterclaim.

20. The Plaintiffs deny the allegations contained in Paragraph 20 of the Defendant's Counterclaim.

21. The Plaintiffs deny the allegations contained in Paragraph 21 of the Defendant's Counterclaim.

22. The Plaintiffs deny the allegations contained in Paragraph 22 of the Defendant's Counterclaim.

23. The Plaintiffs deny the allegations contained in Paragraph 23 of the Defendant's Counterclaim.

24. The Plaintiffs deny the allegations contained in Paragraph 24 of the Defendant's Counterclaim.

25. The Plaintiffs deny the allegations contained in Paragraph 25 of the Defendant's Counterclaim.

26. The Plaintiffs deny the allegations contained in Paragraph 26 of the Defendant's Counterclaim.

27. The Plaintiffs deny the allegations contained in Paragraph 27 of the Defendant's Counterclaim.

28. The Plaintiffs deny the allegations contained in Paragraph 28 of the Defendant's Counterclaim.

29 The Plaintiffs deny the allegations contained in Paragraph 29 of the Defendant's Counterclaim.

30. The Plaintiffs deny the allegations contained in Paragraph 30 of the Defendant's Counterclaim.

31. The Plaintiffs deny the allegations contained in Paragraph 31 of the Defendant's Counterclaim.

32. The Plaintiffs deny the allegations contained in Paragraph 32 of the Defendant's Counterclaim.

33. The Plaintiffs deny the allegations contained in Paragraph 33 of the Defendant's Counterclaim.

34. The Plaintiffs deny the allegations contained in Paragraph 34 of the Defendant's Counterclaim.

35. The Plaintiffs deny the allegations contained in Paragraph 35 of the Defendant's Counterclaim.

## COUNT I
## DEFAMATION OF BRIAN MANNAL

36. The Plaintiffs deny the allegations contained in Paragraph 36 of the Defendant's Counterclaim.

37. The Plaintiffs deny the allegations contained in Paragraph 37 of the Defendant's Counterclaim.

38. The Plaintiffs deny the allegations contained in Paragraph 38 of the Defendant's Counterclaim.

39. The Plaintiffs deny the allegations contained in Paragraph 39 of the Defendant's Counterclaim.

40. The Plaintiffs deny the allegations contained in Paragraph 40 of the Defendant's Counterclaim.

41. The Plaintiffs deny the allegations contained in Paragraph 41 of the Defendant's Counterclaim.

42. The Plaintiffs deny the allegations contained in Paragraph 42 of the Defendant's Counterclaim.

43.     The Plaintiffs deny the allegations contained in Paragraph 43 of the Defendant's Counterclaim.

44.     The Plaintiffs deny the allegations contained in Paragraph 44 of the Defendant's Counterclaim.

## COUNT II
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

45.     The Plaintiffs deny the allegations contained in Paragraph 45 of the Defendant's Counterclaim.

46.     The Plaintiffs deny the allegations contained in Paragraph 46 of the Defendant's Counterclaim.

47.     The Plaintiffs deny the allegations contained in Paragraph 47 of the Defendant's Counterclaim.

48.     The Plaintiffs deny the allegations contained in Paragraph 48 of the Defendant's Counterclaim.

49.     The Plaintiffs deny the allegations contained in Paragraph 49 of the Defendant's Counterclaim.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Defendant's Counterclaim, and each Count thereof, fails to state a claim against the Plaintiffs upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The Defendant is barred from recovery against the Plaintiffs because the Defendant's alleged injuries and damages, if any, were caused by the acts and/or omissions of third parties over whom the Plaintiffs exercised no control and for whose acts and/or omissions the Plaintiffs bear no responsibility.

### **THIRD AFFIRMATIVE DEFENSE**

The Defendant's Counterclaim, and each Count thereof, must be dismissed for lack of personal jurisdiction over the Plaintiffs.

**FOURTH AFFIRMATIVE DEFENSE**

The Defendant's claims are barred by the applicable doctrines of waiver, laches, estoppel and/or unreasonable delay.

**FIFTH AFFIRMATIVE DEFENSE**

The Defendant is not entitled to equitable relief having failed to meet the requirements for equitable relief.

**SIXTH AFFIRMATIVE DEFENSE**

The Defendant by his acts and deeds is not entitled to equitable relief and has waived any rights it may have had to do so.

**SEVENTH AFFIRMATIVE DEFENSE**

The Defendant's Counterclaim and each count thereof violates M.G.L. c. 231, Section 59H and must be dismissed.

**EIGHTH AFFIRMATIVE DEFENSE**

The purported claims of Sara Mannal have not been properly joined or interpleaded pursuant to Federal Rules of Civil Procedure Rules 21 and 22 and Brian Mannal cannot recover for her alleged damages.

**NINETH AFFIRMATIVE DEFENSE**

The Defendant's Counterclaim, and each Count thereof, must be dismissed for lack of subject matter jurisdiction over the counterclaims.

## **TENTH AFIRMATIVE DEFENSE**

The Defendant's Counterclaim violates the Plaintiffs' First Amendment rights to engage in free political speech and to petition the judiciary to redress the Defendant's wrongdoing.

## **ELEVENTH AFFIRMATIVE DEFENSE**

Because the allegations set forth in the Plaintiffs' Complaint are true, the Counterclaim for damages resulting from truthful statements must fail.

WHEREFORE, the Plaintiffs demand a jury trial as to all issues raised by the Defendant's Counterclaim and pray this Court:

1. Dismiss the Defendant's Counterclaim and each Count thereof, with prejudice and without costs assessed against the Plaintiffs;

2. Dismiss the purported claims of Sara Mannal as not properly joined or interpleaded into the instant action;

3. Deny the Defendant's request for a permanent injunction;

4. Award costs of defending this action, including reasonable attorney's fees to the Plaintiffs; and

5. Grant any such other and further relief as Court may deem appropriate.

> Respectfully submitted,
>
> Peter Charles Horstmann, Esquire
> BBO #556377
> Law Offices of Peter Charles Horstmann
> 450 Lexington Street, Suite 101
> Newton, MA 02466
> (617) 723-1980
> *pete@horstmannlaw.com*

## CERTIFICATE OF SERVICE

I, Peter Charles Horstmann, Esquire, hereby certify that on this 26th day of January, 2015, a copy of the foregoing was served electronically, upon Amy Spector Assistant Attorney General, 1 Ashburton Place, Boston, MA and Brian Mannal, Esquire, 297 North Street, No. 230 Hyannis, MA.

_____
Peter Charles Horstmann, Esquire