UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JOBS FIRST INDEPENDENT
EXPENDITURE POLITICAL ACTION
COMMMITTEE AND MELISSA LUCAS,

    Plaintiffs,

v.

MARTHA COAKLEY, ATTORNEY
GENERAL FOR THE COMMONWEALTH
OF MASSACHUSETTS AND BRIAN
MANNAL,

    Defendants.

CIVIL ACTION
NO. 14-14338-NMG

## ANSWER OF DEFENDANT ATTORNEY GENERAL TO THE COMPLAINT

The state defendant, Massachusetts Attorney General Maura Healey ("Attorney General")[1], as her answer to the Complaint, states as follows.

1. The allegations in paragraph 1 constitute legal conclusions and/or merely characterize the nature of the action and the relief sought and accordingly require no response.

2-3. The Attorney General lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 2 and 3.

4. The Attorney General admits that at the time the Complaint was filed, Martha Coakley was the Attorney General of Massachusetts and states that the current Attorney General is Maura Healey; and the Attorney General admits the remaining allegations in the first sentence of

---

[1] Pursuant to Fed. R. Civ. P. 25(d), Attorney General Maura Healey, whose term as Attorney General began on January 21, 2015, is automatically substituted as a party in place of Attorney General Martha Coakley.

paragraph 4. The Attorney General denies that she is "charged with overseeing prosecutions for violations of Mass. Gen. Laws c. 56, § 42," as alleged in the second sentence, because such prosecutions may be maintained by a county district attorney (and not the Attorney General) or by the Attorney General. The allegations in the third sentence merely characterize the nature of the allegations and accordingly require no response.

5. The Attorney General admits the allegations in paragraph 5.

6. The allegations in paragraph 6 constitute legal conclusions that require no response but, to the extent that any response may be required, the Attorney General states that the cited statute, Mass. G.L. c. 56, § 42, speaks for itself.

7. The Attorney General admits that in 1964, the Supreme Court issued a decision in New York Times Co. v. Sullivan, which is reported at 376 U.S. 254 (1964), and in response to the remaining allegations in paragraph 7, the Attorney General states that the decision speaks for itself.

8-13. The Attorney General lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 8 through 13 (including footnote 1 to paragraph 9).

14. The Attorney General admits that defendant Brian Mannal filed an application for a criminal complaint in Barnstable District Court dated October 21, 2014, and states that she need not respond to allegations as to the contents of the application for criminal complaint, which speaks for itself. The Attorney General lacks knowledge or information sufficient to form a belief as to the truth of the allegation that Mannal "released the facts of his application to the media."

15. The Attorney General admits that plaintiffs filed a motion to dismiss the application for a criminal complaint in Barnstable District Court as alleged, and states that she need not

respond to allegations as to the basis for the motion to dismiss, which speaks for itself.

16-17.  The Attorney General lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 16 and 17.

18.  The Attorney General admits the allegations in paragraph 18.

19.  The allegations in paragraph 19 merely characterize the nature of the action and of the relief sought and accordingly require no response.

20-25.  The allegations in paragraphs 20 through 25 constitute legal conclusions and accordingly require no response.

26.  The allegations in paragraph 26 constitute legal conclusions and accordingly require no response; to the extent that a response might be required, the Attorney General states that Mass. Gen. Laws c. 56, § 42, speaks for itself.

27-28.  The allegations in paragraphs 27 and 28 constitute legal conclusions and accordingly require no response.

29.  The Attorney General refers to and incorporates her responses to paragraphs 1-28 above.

30-35.  The allegations in paragraphs 30 through 35 constitute legal conclusions and accordingly require no response.

36.  The Attorney General refers to and incorporates her responses to paragraphs 1-35 above.

37-41.  The allegations in paragraphs 37 through 41 constitute legal conclusions and accordingly require no response.

42.  The Attorney General refers to and incorporates her responses to paragraphs 1-41 above.

43-48.  The allegations in paragraphs 43 through 48 constitute legal conclusions and accordingly require no response.

49.  The Attorney General refers to and incorporates her responses to paragraphs 1-48 above.

50.  The allegations in paragraph 50 constitute legal conclusions and accordingly require no response.

51.  The allegations in paragraph 51 constitute legal conclusions and accordingly require no response but, to the extent that any response may be required, the Attorney General denies that the defendant Attorney General has or will "conduct[] probable cause hearings," a function that is performed by a district court clerk-magistrate or judge.

52-53.  The Attorney General lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 52-53 concerning whether Jobs First and others "will . . . temper the exercise of their free speech."  The remaining allegations in paragraphs 52-53 constitute legal conclusions and accordingly require no response.

54.  The Attorney General refers to and incorporates her responses to paragraphs 1-53 above.

55.  The Attorney General lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning defendant Brian Mannal's motives and/or purposes in filing an application for criminal complaint against plaintiff Melissa Lucas.  The remaining allegations in paragraph 55 constitute legal conclusions and accordingly require no response.

56.  The Attorney General lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 56.

57. The Attorney General admits that defendant Brian Mannal filed an application for a criminal complaint against plaintiff Melissa Lucas and states that the remaining allegations in paragraph 57 constitute legal conclusions and accordingly require no response.

58. The Attorney General lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning defendant Brian Mannal's purposes in using the criminal complaint process. The remaining allegations in paragraph 58 constitute legal conclusions and accordingly require no response.

59. The Attorney General lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 59.

60. The Attorney General lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 60 concerning the financial effect on plaintiffs of defendant Brian Mannal's filing of an application for criminal complaint. The allegation concerning the plaintiffs' alleged loss of First Amendment rights constitutes a legal conclusion and accordingly requires no response.

Respectfully submitted,

MAURA HEALEY
ATTORNEY GENERAL

/s/ Amy Spector
Amy Spector, BBO #557611
Assistant Attorney General
One Ashburton Place
Boston, Massachusetts  02108
(617) 963-2076
amy.spector@state.ma.us

Dated:  January 30, 2015

## CERTIFICATE OF SERVICE

      I hereby certify that the above Answer, filed electronically through the Court's electronic case filing system on January 30, 2015, will be sent electronically to all parties registered on the Court's electronic filing system, and paper copies of the motion will be sent by first class mail, postage pre-paid, to non-registered parties.

                                              /s/ Amy Spector
                                              Amy Spector