United States District Court
District of Massachusetts

```
——————————————————————    )
Jobs First Independent      )
Expenditure Political Action )
Committee and Melissa Lucas, )
                            )
        Plaintiffs,         )
                            )
        v.                  )     Civil Action No.
                            )     14-14338-NMG
Martha Coakley, Attorney General )
for the Commonwealth of     )
Massachusetts and Brian Mannal, )
                            )
        Defendants.         )
——————————————————————    )
```

MEMORANDUM & ORDER

GORTON, J.

Plaintiffs Jobs First Independent Expenditure Political

Action Committee ("Jobs First") and Melissa Lucas ("Lucas")

(collectively, "plaintiffs") bring this action for 1)

declaratory judgment challenging the constitutionality of a

certain Massachusetts statute and 2) alleged violations of

plaintiffs' First Amendment rights by both defendants.  The

First Amendment claims are against State Representative Brian

Mannal ("Mannal"), in his individual and official capacities and

against the Massachusetts Attorney General in her official

capacity.

Defendants filed separate motions to dismiss the claims

asserted against them.  For the following reasons, 1) the motion

of defendant Mannal to dismiss will be allowed, in part, and denied, in part, 2) the motion of defendant Mannal for attorney's fees and costs will be denied and 3) the motion of defendant Healey to dismiss will be allowed.

## I.   Factual and Procedural Background

Defendant Mannal is the incumbent representative for the 2nd Barnstable District in the Massachusetts House of Representatives.  Mannal is also a practicing attorney who receives appointments to represent clients in Massachusetts trial courts.

Leading up to the November, 2014, election, Jobs First created and published several brochures and press releases criticizing Mannal's legislative record.  Specifically, Jobs First circulated multiple brochures criticizing Mannal's apparent support for legislation concerning sex offenders.  Each brochure includes a small disclaimer that reads "[p]aid for by Jobs First Independent Expenditure PAC, Melissa Lucas, Treasurer."  Jobs First and Lucas maintain, however, that Lucas had nothing to do with the creation of these published materials.

On October 21, 2014, Mannal filed an application for a criminal complaint with the Barnstable District Court.  In the complaint, Mannal alleged that Jobs First and Lucas violated M.G.L c. 56, § 42 ("§ 42").  That same day Mannal issued a press

release and gave statements to the media describing the criminal complaint.

A probable cause hearing on Mannal's application for a criminal complaint was scheduled for November 20, 2014, before a Clerk Magistrate.  On October 27, 2014, plaintiffs filed a motion to dismiss the application, contending that the statute was facially unconstitutional.  On October 30, 2014, the Barnstable District Court transferred the application to the Falmouth District Court.  At Lucas's request, the probable cause hearing was postponed until December, 2014.

Mannal won re-election to his seat in the Massachusetts House of Representatives on November 4, 2014, by a narrow margin.

On December 5, 2014, plaintiffs filed a complaint in this Court seeking a declaratory judgment and injunctive relief against Mannal and then Massachusetts Attorney General Martha Coakley.[1]  On the same day, plaintiffs also filed a motion for a temporary restraining order or preliminary injunction against the Clerk Magistrate of the Falmouth District Court who is not a party to these proceedings.

---

[1] Because Martha Coakley was sued in her official capacity as the Attorney General of Massachusetts, defendant Attorney General Maura Healey was automatically substituted as a party in this action pursuant to Fed. R. Civ. P. 25(d).

Also in December, 2014, this Court denied plaintiffs preliminary injunctive relief.  The probable cause hearing in state court went forward, and a criminal complaint against Lucas was issued on December 31, 2014, charging her with two violations of § 42.

In February, 2015, Lucas sought review by the Supreme Judicial Court of Massachusetts ("SJC") of the constitutionality of § 42.  All proceedings in state and federal court were then stayed pending the SJC's decision.  In May, 2015, the SJC concluded that § 42 was facially unconstitutional under the Massachusetts constitution and dismissed the criminal complaint against Lucas.

On December 31, 2015, plaintiffs filed an amended complaint in this Court.  In the amended complaint, plaintiffs allege four claims against defendant Mannal for 1) violation of 42 U.S.C. § 1983 (Count III), 2) damages under 42 U.S.C. § 1988 (Count IV), 3) violation of M.G.L. c. 231, § 59H (Count V) and 4) abuse of process (Count VI).  Plaintiffs also assert two claims against defendant Healey for 1) violation of 42 U.S.C. § 1983 (Count II) and 2) damages under 42 U.S.C. § 1988 (Count IV). Finally, plaintiffs seek a declaratory judgment that M.G.L. c. 56, § 42 is unconstitutional (Count I).  Now pending before the Court are the separate motions of the defendants to dismiss and defendant Mannal's motion for attorney's fees and costs.

## II. <u>Defendant Mannal's Motion to Dismiss and Motion for Attorney's Fees and Costs</u>

Defendant Mannal moves to dismiss plaintiffs' claims against him pursuant to the Massachusetts "anti-SLAPP" (Strategic Lawsuit Against Public Participation) statute, M.G.L. c. 231, § 59H ("§ 59H").  Defendant also requests attorney's fees and costs should the Court allow the motion.

### A.  Legal Standard

Section 59H allows civil defendants to resolve expeditiously lawsuits "designed to deter or retaliate against individuals who seek to exercise their right of petition." <u>Keegan</u> v. <u>Pellerin</u>, 920 N.E.2d 888, 891 (Mass. App. Ct. 2010).

The SJC has provided a two-step process for special motions to dismiss brought under § 59H.  First, the moving party must make a showing that the claim of the non-moving party is based on the movant's protected petitioning activities and has no other substantial basis. <u>Bargantine</u> v. <u>Mechs. Coop. Bank</u>, Docket No. 13-11132, 2013 WL 6211845, at *2 (D. Mass. Nov. 26, 2013). If the moving party makes such a showing, the burden shifts to the non-moving party to establish by a preponderance of the evidence that the "petitioning activities lacked any reasonable factual support or any arguable basis in law." <u>Id.</u> (quoting <u>Fustolou</u> v. <u>Hollander</u>, 920 N.E.2d 837, 840 (Mass. 2010)).  The Court may consider pleadings and affidavits without making

inferences in favor of the non-moving party. Id. (citing M.G.L. c. 231, § 59H).

### B.  Application

#### 1.  Counts III and IV:  Claims Brought Under 42 U.S.C. §§ 1983 and 1988

In Count III, plaintiffs bring a claim under 42 U.S.C. § 1983 and in Count IV, plaintiffs allege damages pursuant to 42 U.S.C. § 1988.  Defendant Mannal seeks dismissal of Counts III and IV under § 59H, relying on this Court's decision in Bargantine v. Mechanics. Cooperative Bank.  Plaintiffs respond that § 59H does not apply in federal court actions.

This session has previously determined that § 59H applies as substantive law to diversity cases in federal court. See Bargantine, 2013 WL 6211845, at *2-3 (applying § 59H to state law claims in a diversity action).  Plaintiffs here contend that this Court's decision in Bargantine is distinguishable because this case involves questions of federal law.

The Court agrees with plaintiffs and concludes that § 59H does not apply to their federal claims in this case.  Because federal law governs substantively and procedurally the litigation of federal claims, § 59H is not applicable to plaintiffs' § 1983 and § 1988 claims. See S. Middlesex Opportunity Council, Inc. v. Town of Framingham, Docket No. 07-12018, 2008 WL 4595369, at *9 (D. Mass. Sept. 30, 2008).

Therefore, the Court will deny defendant Brian Mannal's motion
to dismiss for Counts III and IV.

### 2.   Count V:  Violation of § 59H

In Count V, plaintiffs assert that defendant violated § 59H
when he filed the criminal complaint.  Defendant's primary
contention is that § 59H does not support a cause of action for
civil plaintiffs or criminal defendants.  Plaintiffs maintain
that Count V is alleged in response to defendant's filing of a
criminal complaint.

The Court agrees with defendant.  The language of § 59H
limits the right to bring a special motion to dismiss for "civil
claims, counterclaims, or crossclaims."  M.G.L. c. 231, § 59H.
To the extent plaintiffs are responding to defendant's criminal
complaint, plaintiffs may not rely on § 59H for a cause of
action.  Moreover, the statute authorizes a party to file a
"special motion to dismiss" which is not a cause of action.
Accordingly, the Court will dismiss Count V of plaintiff's
complaint for failing to state a claim upon which relief can be
granted.

### 3.   Count VI:  Abuse of Process

In Count VI, plaintiffs allege that defendant Mannal abused
the legal process when he sought a criminal complaint against
Lucas.  With respect to Count VI, the Court will apply

§ 59H. See Phillibotte v. Nisource Corp. Servs. Co., 793 F.3d
159, 165 (1st Cir. 2015) (applying state substantive law when
exercising supplemental jurisdiction over a state law claim);
Barqantine, 2013 WL 6211845, at *3-5 (applying § 59H to a claim
for abuse of process).

Plaintiffs aver that 1) § 59H is not applicable because
defendant is not a private citizen as understood in the statute
or, alternatively, 2) plaintiffs have made the requisite showing
to defeat a special motion to dismiss with respect to the abuse
of process claim.

Because the Court finds that defendant has not met its
burden with respect to the first prong of the test for § 59H,
the Court will disregard plaintiffs' first argument that § 59H
is not applicable to defendant.

First, defendant must allege that plaintiffs' action is
based on his protected petitioning activities and has no other
substantial basis other than or in addition to the petitioning
activity. Wenger v. Aceto, 883 N.E.2d 262, 266 (Mass. 2008).
Although filing a petition for a criminal complaint constitutes
a protected petitioning activity under § 59H, id. at 266-67,
plaintiffs contend that Mannal's press conference and press
release constitute additional conduct sufficient to support an
abuse of process claim. See Adams v. Whitman, 822 N.E.2d 727,
731 (Mass. App.Ct. 2005) ("[T]he key to survival of a party's

abuse of process claim seems to be whether the party relies on some other conduct by the special movant, apart from merely obtaining the process, that amounted to an affirmative, subsequent misuse of the process to further the special movant's alleged ulterior purpose." (emphasis omitted)).

Defendant responds by citing Wynne v. Creigle for the proposition that when statements to the press mimic statements contained in the criminal complaint, that additional activity is also protected under § 59H. See Wynne v. Creigle, 825 N.E.2d 559, 565-67 (Mass. App. Ct. 2005).  The Court finds instructive, however, other opinions, including one of the SJC, which distinguish Wynne.

In Cadle Co. v. Sclictmann, the SJC concluded that an attorney was not protected by § 59H for public statements made to

> shor[e] up his . . . position . . . or otherwise
> gain[] a tactical advantage in [the] ongoing legal
> proceeding.

859 N.E.2d 858, 867 (Mass. 2007).  Similarly, defendant Mannal issued a press release and held a press conference to "shore up" support for his re-election campaign.  Although defendant Mannal's statements in the press conference and press release could be construed as "mirroring" his statements in the application for a criminal complaint, Mannal is not necessarily free to publish the petition elsewhere. See Riverdale Mills

Corp. v. Cavatorta N. Am., Inc., Docket No. 4:15-CV-40131, 2016 WL 3030234, at *6 (D. Mass. May 26, 2016) (quoting Kalter v. Wood, 67 Mass.App.Ct. 584, 855 N.E.2d 421, 424 (Mass. App. Ct. 2006)).

Just as the SJC removed "aggressive lawyering" from the protection of § 59H, so too does this Court conclude that Mannal's campaign activities are not protected by § 59H. Because defendant Mannal has failed to show that plaintiffs' lawsuit has no substantial basis other than the petitioning activities, the Court will deny defendant's special motion to dismiss Count VI. See Cadle Co., 859 N.E.2d at 867.

**C.   Attorney's Fees**

Finally, defendant Mannal asks the Court to award him attorney's fees and costs for successfully challenging plaintiff's complaint under § 59H.  Plaintiffs maintain that defendant is not entitled to attorney's fees because, as a pro se litigant, he is not entitled to fees.

Section 59H provides that:

> If the court grants such special motion to dismiss, the court shall award the moving party costs and reasonable attorney's fees, including those incurred for the special motion and any related discovery matters.

M.G.L. c. 231, § 59H.  Because the Court will deny defendant's special motion to dismiss with respect to Counts III, IV and VI, it will not award attorney's fees.  Although the Court will

allow the motion with respect to Count V, plaintiffs have failed
to state a claim and thus the Court will not dismiss the count
on § 59H grounds.  Accordingly, defendant will not be entitled
to attorney's fees and costs.

### III. <u>Defendant Maura Healey's Motion to Dismiss</u>

#### A.   Legal Standard

To survive a motion to dismiss for failure to state a claim
under Fed. R. Civ. P. 12(b)(6), a complaint must contain
"sufficient factual matter" to state a claim for relief that is
actionable as a matter of law and "plausible on its face."
<u>Ashcroft</u> v. <u>Iqbal</u>, 556 U.S. 662, 667 (2009) (quoting <u>Bell Atl.</u>
<u>Corp.</u> v. <u>Twombly</u>, 550 U.S. 544, 570 (2007)).  A claim is
facially plausible if, after accepting as true all non-
conclusory factual allegations, the court can draw the
reasonable inference that the defendant is liable for the
misconduct alleged. <u>Ocasio-Hernandez</u> v. <u>Fortuno-Burset</u>, 640 F.3d
1, 12 (1st Cir. 2011).  A court may not disregard properly pled
factual allegations even if actual proof of those facts is
improbable. <u>Id.</u>  Rather, the relevant inquiry focuses on the
reasonableness of the inference of liability that the plaintiff
is asking the court to draw. <u>Id.</u> at 13.

When rendering such a determination, a court may not look
beyond the facts alleged in the complaint, documents
incorporated by reference therein and facts susceptible to

judicial notice. <u>Haley</u> v. <u>City of Boston</u>, 657 F.3d 39, 46 (1st Cir. 2011).

**B.   Application**

**1.   Count I:  Declaration that M.G.L. c. 56, § 42 Is Unconstitutional**

In Count I, plaintiffs seek a declaration from this Court that § 42 was facially unconstitutional under the Constitution of the United States.  Defendant avers that the claim should be dismissed because 1) it is moot and 2) it is barred by the Eleventh Amendment.

The mootness doctrine ensures that claims will be justiciable throughout litigation not only when a claim is initially filed. <u>ACLU of Mass.</u> v. <u>U.S. Conference of Catholic Bishops</u>, 75 F.3d 44, 52 (1st Cir. 2013) (quoting <u>Mangual</u> v. <u>Rotger-Sabat</u>, 317 F.3d 45, 60 (1st Cir. 2003)).  Accordingly, a claim is subject to dismissal as moot if subsequent events render a court's opinion advisory. <u>Id.</u> at 52-53.

Plaintiffs in this case filed their amended complaint after the SJC declared § 42 unconstitutional.  If this Court were now to declare the statute unconstitutional, the opinion would be redundant and therefore advisory. <u>See</u> <u>New Eng. Reg'l Council of Carpenters</u> v. <u>Kinton</u>, 284 F.3d 9, 18 (1st Cir. 2002) (remarking that it would be "pointless" to declare the constitutionality of

a policy that had been revised during litigation).  Thus, the
Court will dismiss Count I as moot.

Because the Court will dismiss Count I as moot, it declines
to address defendant's contention that Count I is barred by the
Eleventh Amendment.  ACLU of Mass., 75 F.3d at 52 ("[F]ederal
courts are not to reach constitutional issues where alternative
grounds for resolution are available.").

### 2.   Count II:   42 U.S.C. § 1983 Claim

Plaintiffs next allege that the Massachusetts Attorney
General, in her official capacity, violated their First
Amendment rights by failing to determine the constitutionality
of § 42 before the criminal complaint was issued against Lucas.
Defendant Healey asserts that the claim is barred by the
Eleventh Amendment.

With respect to liability under § 1983, state officials
sued in their official capacities are not "persons" as
considered by the statute.  See Will v. Mich. Dep't of State
Police, 491 U.S. 58, 71 (1989).  Thus, plaintiffs cannot state a
claim under § 1983 against the Massachusetts Attorney General in
her official capacity.  Although plaintiffs respond that claims
against the Commonwealth for "ancillary" relief are cognizable,
their underlying claim seeks monetary damages.  Therefore, Count
II will be dismissed.

-13-

### 3.   Count IV:   Damages

In Count IV, plaintiffs ask the Court to award them compensatory and punitive damages, along with costs and attorney's fees, pursuant to 42 U.S.C. § 1988 against both defendants.  Because the Court will dismiss the underlying causes of action against defendant Healey (Counts I and II), the Court will also dismiss Count IV with respect to the claim against defendant Massachusetts Attorney General Maura Healey.

### 4.   Plaintiffs' <u>Monell</u> Claim

In their opposition to the motion to dismiss of defendant Healey, plaintiffs attempt to plead a <u>Monell</u> claim against the office of the Massachusetts Attorney General.  They concede, however, that they cannot allege "anything substantively" and want to "explore" the claim through discovery.  Although defendant has not sought leave to file a reply to address this claim, the Court will dismiss all of the causes of action against the Attorney General to the extent plaintiffs attempt to construe them as <u>Monell</u> claims.  Plaintiffs have not alleged sufficient facts in their amended complaint to state a plausible <u>Monell</u> claim. <u>See</u> <u>Penalbert-Rosa</u> v. <u>Fortuno-Burset</u>, 631 F.3d 592, 596 (1st Cir. 2011) ("'[F]ishing expeditions' are not permitted." (quoting <u>DM Research, Inc.</u> v. <u>Coll. of Am. Pathologists</u>, 170 F.3d 53, 55 (1st Cir. 1999))).

**ORDER**

For the forgoing reasons,

1)    the motion to dismiss of defendant Brian Mannal
      (Docket No. 63) is, with respect to Counts III, IV and
      VI, **DENIED**, but is, with respect to Count V, **ALLOWED**;

2)    the motion for attorney's fees and costs of defendant
      Brian Mannal (Docket No. 63) is **DENIED** and

3)    the motion to dismiss of defendant Maura Healey
      (Docket No. 71) is **ALLOWED**.

**So ordered.**

                                        /s/ Nathaniel M. Gorton_____
                                        Nathaniel M. Gorton
                                        United States District Judge

Dated November 10, 2016