UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOBS FIRST INDEPENDENT EXPENDITURE POLITICAL ACTION COMMITTEE and MELISSA LUCAS,<br><br>　　　　　Plaintiffs,<br><br>v.<br><br>BRIAN MANNAL,<br><br>　　　　　Defendants. | DOCKET NO.: 14-14338NMG |

**PLAINTIFFS' MOTION TO STRIKE DEFENDANT MANNAL'S 4TH MOTION TO DISMISS (DOC. 76)**
**&**
**CROSS-MOTION TO DISMISS PURSUANT TO RULES 41(a)(1)(A)(i), 41(a)(2) & 12(a)(4)(A)**
**&**
**INCORPORATED MEMORANDUM OF LAW**

By the instant motion & memorandum the Plaintiffs hereby move pursuant to Fed.R.Civ., Rules 12(f)(2) and 12(g)(2) to strike Defendant Brian Mannal's, ("Mannal"), 4th Motion to Dismiss[1], (Doc. 76)(See Docs. 11, 28, 63), because Mannal has moved to dismiss on three prior occasions and has failed to include his current alleged Rule 12(b)(6) argument in any other motions. Plaintiffs also move to dismiss the entire case pursuant to Rule 41(a)(2), Rule 41(a)(1)(A)(i), and Rule 12(a)(4)(A). In so doing, the Plaintiffs incorporate by reference this Court's Opinion dated November 10, 2016, (Doc.

---

[1] Mannal disingenuously attempts to label his motion a "FIRST" Motion to Dismiss when he has already had 3 strikes at dismissal.

*Motion to strike allowed and motion to dismiss allowed. This case is dismissed with prejudice.*

*/s/ NMGorton, USDJ 2/1/18*

75), and their previously filed legal memoranda opposing previous motions.[2] In support thereof, the Plaintiffs respectfully submit the following:

## I. ARGUMENT

The Defendant personifies the need for Rules 12(f)(2) and 12(g)(2) which prohibit repetitive motions to dismiss where the arguments were raised or should have been raised in a single motion. In his latest filing, the Defendant belatedly attempts to raise issues, under Rule 12(b)(6), that he should have previously raised. Indeed, the Defendant has repeatedly cited to this Court's Opinion in *Bargantine* in his two most recent Motions to Dismiss wherein the Court clearly considered a Rule 12(b)(6) argument in conjunction with M.G.L. c. 231, Section 59H argument. *Bargantine v. Mech. Coop. Bank*, 2013 WL 6211845 p.1 (D.Mass. 2013). Therefore, the raising of multiple arguments in support of dismissal was not an obscure concept to Mannal who also included 12 separate arguments and additional sub-arguments in his last motion to dismiss. (Doc. 63). The Defendant should not benefit from his prior failure to included a Rule 12(b)(6) argument in his prior motion. *Pruco Life Ins. Co. v. Willmington Trust Co.*, 616 F.Supp.2d 210, 214-16 (D.R.I. 2009)("in law, as in life, do-overs are a rare commodity, and Rule 12 does not provide one here"). It is also clear from the Court's November 10, 2016 Opinion that it was mindful of Rule 12(b)(6) as it reviewed the Parties' submissions because the Court allowed the Codefendant's Motion to Dismiss on Rule 12(b)(6) grounds. (Doc. 75, p. 11). Lastly, Rule 12(a)(4)(A) required Mannal to Answer the Amended Complaint by November 24, 2016,

---

[2] Should the Court deny the instant cross-motion to dismiss, the Plaintiffs request an opportunity to respond substantively to Mannal's 4th Motion to Dismiss.

2

14 days after this Court's Order partially denying his Motion to Dismiss. Having failed to previously raise a Rule 12(b)(6) argument and file an Answer, Mannal's 4th Motion to Dismiss should be stricken.

## II. CROSS-MOTION TO DISMISS

Additionally, the Plaintiffs cross-move to dismiss the entire case based upon Rule 41(a)(1)(A)(i), Rule 41(a)(2)[3] and/or Rule 12(a)(4)(A). Following the filing of the Plaintiffs' Amended Complaint, (Doc. 61), Mannal filed a "Motion to Dismiss Case as Frivolous Pursuant to M.G.L. c. 231 Section 59H". (Doc. 63). The Court issued an Opinion on November 10, 2016 denying part of Mannal's motion. (Doc. 75). Accordingly, Mannal's Answer to the Amended Complaint was due on November 24, 2016. Rule 12(a)(4)(A). At no time since November 10, 2016, has Mannal filed an Answer to the Amended Complaint as he was required to do within 14 days of the Opinion. Now, five months later he is seeking dismissal...again.

## L.R. 7.1(2) CERTIFICATE

Prior to the filing of the instant motion, on December 22, 2016, the undersigned counsel conferred with the Defendant by email and suggested that the Parties enter into a stipulation of dismissal. The Defendant indicated that he would consider the suggestion and would respond in a few days. No response was received prior to the filing of the Defendant's most recent Motion to Dismiss.

---

[3] It should be noted that Mannal's original Answer contained a counterclaim. (Doc. 27). However, on November 17, 2015, the Court created a schedule for the Parties to refile their Pleadings which led to the litigation of the prior Motion to Dismiss. Mannal has never filed an Answer or Counterclaim since November 17, 2015 or in response to the Amended Complaint. A substantial portion of his original counterclaim was rendered moot by the Court's denial of his motion to dismiss and denial of his request for Attorney's fees.

3

## III. CONCLUSION

WHEREFORE based upon the foregoing arguments and authorities, this Honorable Court is respectfully urged to deny the Defendant's 4th Motion to Dismiss and to dismiss this case without costs or attorney's fees assessed to either party.

Respectfully submitted,

Peter Charles Horstmann, Esquire
BBO #556377
450 Lexington Street, Suite 101
Newton, MA 02466
(617) 723-1980
*pete@horstmannlaw.com*

## CERTIFICATE OF SERVICE

I, Peter Charles Horstmann, Esquire, hereby certify that on this 25th day of April, 2017, a copy of the foregoing was served electronically upon Brian Mannal, Esquire, 297 North Street, No. 230, Hyannis, MA 02601.

Peter Charles Horstmann, Esquire